8   31
94  172

## OSBORN *v.* HENDRICKSON.

A judgment rendered for *use and occupation* should not draw any interest whatever.
Parol evidence is inadmissible to show that a bill of sale included property not described therein.   Where a bill of sale is defective in such particular, it can only be altered by a direct proceeding in chancery for the purpose of reforming it.
Affirmative matter alleged by defendant in his answer, must be proved.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The facts involved in this appeal are sufficiently explained in the opinion of the Court, taken in connection with those stated in the former report of this case, to be found in 7 Cal., 282.

*D. O. Shattuck and E. L. B. Brooks* for Appellant.

*N. K. Osborn* for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, J., concurring.

This case was before this Court at the last January Term, when the judgment of the Court below was reversed, and that Court "directed to render judgment for the plaintiff for the amount claimed in the complaint, and not denied in the answer." The amount claimed in the complaint was six hundred and seventy-six dollars and sixty-seven cents, and seventy-seven dollars and five cents interest.   Upon receiving the *remittitur,* the Superior Court of San Francisco rendered judgment for the sum of seven hundred and ninety-five dollars, being the sum claimed, and interest at ten per cent. per annum, from July 1, 1855, to the date of the judgment.   From this judgment the defendant appeals.

The present learned counsel of the defendant, who was not the original attorney who drew up the answer, insists that the Superior Court mistook the opinion of this Court, "because the very foundation of plaintiff's claim is denied, to wit: that the plaintiff was the owner of the house."   He elsewhere assumes that the answer presents two issues:

1. That the plaintiff was not the owner of the house.
2. That he had received full pay for its use.

The plaintiff alleges in his complaint that he, "on the first day of July, 1855, and for five months prior thereto, was the owner of a certain house, etc.," and the defendant pretends to meet this allegation by denying "that the said plaintiff from the first day of July, 1855, and for a long time *thereafter,* to wit: five months, was the owner," of the premises mentioned.   This frivo-

lous and evasive answer seems to have misled the present counsel of defendant, and hence his brief is predicated upon a mistaken state of the pleadings. The complaint having been verified by affidavit, and there being no denial either of the ownership of the house during the *period stated,* or of the occupancy of the premises by the defendant, there was, in fact, no denial of the amount claimed for the use and occupation of the premises.

The allegation that plaintiff had " disposed of his claim for any and all rents to Cohen," and also the general allegation of payment, were simply *affirmative* statements, which the defendant was bound to prove. The only proof offered was that which was decided by this Court to have been illegal. There being, then, no evidence to sustain the affirmative allegations of the defence, the plaintiff was entitled to judgment. We could not see how the defendant could strengthen his defence, and therefore, could not see any necessity for a new trial. If, however, the defendant had independent proof of payment, which he failed to introduce on the former trial, he should have applied for a modification of the judgment, within the ten days allowed by the rules of this Court. Upon a proper showing that such evidence existed, and a good excuse for not having introduced it, this Court would have modified the judgment, and allowed a new trial in the Court below.

We are also asked to review our former decision, and to correct the same, if found erroneous. It would only be where there was undoubted error, that we could *review* and *correct* a former decision. But we can see no error in that decision. Cohen was treated as a *purchaser,* and not as the agent of defendant. Not only was Cohen permitted by defendant to hold himself out to plaintiff as acting for himself, but the defendant, in his answer, alleges a sale of the rents from plaintiff to Cohen. As a *purchaser,* Cohen could not make *payment* as the agent of defendant. Treating Cohen as a purchaser, the question was, simply, what did he purchase? The writings stated so much, and the parol proof stated that much, and something in addition. The question was, not whether the consideration could be inquired into, but whether the sale included a matter not described in the bill of sale. Parol evidence could not add to the writing a description of property not embraced in it. If the bill of sale was defective in this particular, the party should have instituted a direct proceeding to reform the instrument. It was too late to reform the same upon the trial. The plaintiff could not be expected to meet such a state of proof, except in a direct proceeding for that explicit purpose. And it is too late to call upon this Court now to open the case, so as to permit the institution of such a proceeding. If the amount was very large, and the circumstances peculiar, this Court might, perhaps, permit it to be done.

There is one question, however, in regard to which we think

the counsel for defendant is correct. The judgment of the Court below was for the amount claimed, and also for interest. The statute of April 13, 1850, (Comp. Law, 109,) allows interest in certain specified cases; upon examination of the statute, it will be found that the present action for use and occupation is not included in the cases mentioned.

The judgment of the Court below, is, therefore, reversed, with costs, and that Court will render judgment for plaintiff for six hundred and seventy-six dollars and sixty-seven cents, and his costs; the plaintiff, however, paying the costs occasioned by this appeal.