ELIZABETH A. BURKE *v.* GEORGE CARRUTHERS, AND BROOK B. EDMONSTON.

DENIAL OF ALLEGATIONS OF COMPLAINT.— If the allegations in a complaint in forcible entry and detainer are conjunctively stated, an answer which denies them in that form does not raise an issue.

INTEREST ON JUDGMENT.—A judgment for damages in forcible entry and detainer

bears interest at the rate of ten per cent per annum from the time it is entered, whether it is so provided in the judgment or not, and the insertion of a clause in the judgment making it bear such interest is merely surplusage and not erroneous.

APPEAL from the County Court, City and County of San Francisco.

The following were some of the allegations of the complaint :

" Plaintiff further alleges that, being so, in the peaceable and quiet possession of said described premises, and entitled to the possession of the same, the said defendants, on the 13th day of January, A. D. 1864, with great force and violence, and with a multitude of people, unlawfully, and with force, entered on said described premises, and with force and violence removed, put out, and expelled the said plaintiff from so much of said premises as is described as follows : Commencing on the east line of said Yerba Buena Place, distant one hundred and twelve and one half feet south of Clay street, thence running southerly two and one half feet, thence easterly thirty-seven feet, thence northerly two and one half feet, thence westerly thirty-seven feet to the place of beginning, and took possession of the last described premises ; and the said defendants have ever since illegally, forcibly, and unlawfully detained possession of the said last described premises from plaintiff, against the form of the statute in such case made and provided, to her great damage, to wit: the sum of one hundred dollars ; and has committed waste and injury upon said premises, to the great damage of said plaintiff, to wit : in the sum of twenty-five dollars.   Plaintiff alleges that the monthly value of the rents and profits of said last described premises is ten dollars."

The response in the answer of defendant Carruthers to the foregoing allegations was as follows :

" And the said defendant, further answering, says that he denies that on the 13th day of January, 1864, or any other day, this defendant, with great force and violence and with a

multitude of people, unlawfully and with force entered in said described premises, and with force and violence removed, put out, and expelled the said plaintiff from so much of said premises as is described in said complaint, and took forcible possession thereof, or that he has ever since illegally, forcibly, and unlawfully detained possession of the said last described premises from the plaintiff, against the form of the statute in such cases made and provided, to her great damage of one hundred dollars or any other sum, and defendant denies that the monthly value of the rent and profits of said last described premises is ten dollars."

Defendants appealed.

The other facts are stated in the opinion of the Court.

*P. G. Buchan,* for Appellants.

By the Court, CURREY, C. J.:

This is an action of forcible entry and unlawful detainer. The complaint, which was duly verified, set forth by proper allegations the plaintiff's cause of action. The defendants answered separately. Upon the issue joined the parties proceeded to trial before the Court, and a finding and judgment were rendered in plaintiff's favor. The appeal is from the judgment, and all that is presented by the record for review arises upon the judgment roll alone. Most of the material allegations of the complaint stand confessed, because the answers fail to controvert them. (*Fish* v. *Redington, ante,* 185.) The only matters upon which issue was joined were decided by the Court in favor of the plaintiff against the defendants, and we are unable to discover from the record any ground that would justify a reversal of the judgment.

Judgment affirmed.

By the Court, Currey, C. J., on petition for rehearing :

On petition for rehearing. The appellants made the point in their brief that the judgment for damages was erroneous, because it provided that it should bear interest from the time it was entered until paid. We made no reference to this question in the opinion heretofore rendered, because we regarded it as palpably untenable. On petition for a rehearing the appellants' counsel asks if this Court means to decide that the judgment in this respect is correct, and to overrule *Osborn* v. *Hendrickson ?* saying that it is important for the profession to be informed upon the subject. To the first branch of the question we answer in the affirmative, and to the second in the negative.

The first section of the Act to regulate interest on money provides that when there is no contract in writing fixing a different rate of interest, interest shall be allowed at the rate of ten per cent per annum : First—for all moneys after they become due on any bond, bill, promissory note or other instrument of writing ; second—on any judgment recovered before any Court in this State; third—for money lent; fourth—for money due on the settlement of accounts, from the day on which the balance is ascertained ; and fifth—for money received to the use of another. (Laws 1850, p. 92.) The Act is silent as to the rate of interest which the judgment shall bear, except that when rendered on a contract in writing which in itself provides for a certain rate of interest on money due or to become due on a contract, the judgment shall conform to the contract, and shall bear the interest agreed upon by the parties, which shall be specified in the judgment. In this case the Court ordered and adjudged that the plaintiff have and recover of and from the defendants a certain sum as damages, " with interest at the rate of ten per cent per annum from the date hereof until paid." This specification of the rate of the interest which the plaintiff should have and recover of the defendants is by fair construction a specification of the rate of interest which the judgment for damages should bear,

and only declared a consequence which would have followed had the mention of interest been wholly omitted. So that the judgment respecting interest is at most surplusage which can work no possible injury to the defendants.

The case of *Osborn v. Hendrickson*, 8 Cal. 31, to which our attention is called, has no application to the question under consideration. The head note of that case as to the interest recovered, is not a correct syllabus of the opinion of the Court on the subject. In that case the plaintiff recovered damages in a certain sum for the wrongful holding over of certain demised premises, by the defendant, for two months, which had expired before the action was brought, and interest thereon from a date some time anterior to the date of the judgment. The Court held that the judgment was erroneous as to the interest recovered, and reversed it, and we think the judgment of reversal was correct. The question in that case and the one in this bear no resemblance to each other.

We deem it quite unnecessary to further discuss the point considered in our opinion already pronounced, because upon a re-examination of it and of the record in the case, we see no reason for adding thereto anything whatever, or for a doubt as to the correctness of our judgment.

Rehearing denied.