C. K. GARRISON, RESPONDENT, *v.* PATRICK McGLOCKLEY, BARNEY McMAHON, BARRY McMAHON, JOHN DOE, SALLY HART, MARY BUCKLEY AND JAMES DEERING, APPELLANTS.

PRACTICE.—If the instructions of the Court below, to the jury, are not brought before the Supreme Court, they will be presumed to have been properly and rightly given.

IDEM.—When a question of fact, about which there was a direct and substantial conflict of evidence, has been submitted to a jury, under proper instructions of the Court, the verdict determines it, and this Court has uniformly declined to interfere with the verdict.

ADVERSE POSSESSION.—The cases of *McCracken* v. *City of San Francisco* (16 Cal. 591), and *Kimball* v. *Lohmas* (31 *Id.* 154), as to what constitutes adverse possession, approved.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*E. A. Lawrence,* for Appellants.

*W. H. L. Barnes,* for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

The only question involved in this case is, was the possession of defendants adverse to plaintiff for five years next preceding the commencement of the action?

The plaintiff alleges title and right of possession, and that defendants wrongfully withhold from him such possession. Defendants deny plaintiff's title and right of possession, and plead title in themselves by virtue of a quiet, peaceable, continuous, undisturbed possession in themselves, adverse to plaintiff and to all the world, for more than five consecutive years next preceding the commencement of the action.

There is no question but that plaintiff established a clear record-title on the trial, and that defendants established an actual possession in themselves for more than five consecutive years immediately preceding the commencement of the action; hence, the only controverted point presented for determination upon the evidence was, as to the character of defendants' possession, whether it was adverse or in subordination to, and in recognition of plaintiff's title.

As the instructions of the Court to the jury, on the submission of the issues to them upon the evidence, are not before us, we must presume that all the material issues were fully and correctly presented to the jury, to be by them determined upon the evidence, upon a correct statement of the law, by which they were to be governed in the application of the evidence to the issues.

Upon the question as to the character of defendants' possession, whether the same was commenced and continued under an assertion of title and right in themselves, as against plaintiff and all others, or whether, at any time during their possession, they, by their acts or declarations, acknowledged plaintiff's right and title, and that their possession was in subordination thereto, there was a direct and substantial conflict of evidence ; and the same having been submitted to the jury, under proper instructions of the Court, as we are bound to presume, their general verdict in favor of the plaintiff determines the question as to the character of defendants' possession, that the same was not adverse, but in subordination to and in recognition of plaintiff's title.

Under such circumstances, this Court has uniformly declined to review the evidence, or to disturb the verdict of a jury. As to what constitutes adverse possession, see *Mc-*

*Cracken* v. *San Francisco*, (16 Cal. 591); *Kimball* v. *Lohmas*, (31 *Id.* 154.)

We discover no error in the record.

Judgment and order affirmed.