### CHARLES LOVEGROVE v. THE STATE.

*No. 83.   Decided February 1.*

1. **Theft—Insanity—Evidence Insufficient.**—On a trial for horse theft, where defendant interposed the plea of insanity as a defense, and in support of that plea showed that he had been subject to epileptic attacks, occasioned from a blow on the head received in early life, that his father did not believe that he was in his right mind, and that his mother, at one period of her life, had been deranged, but had recovered, *held*, that the evidence was insufficient, in view of other evidence in the case which undoubtedly showed that the defendant well knew he was doing wrong when he stole the property, and fully appreciated the consequences of his act.

2. **Same — Charge of Court — Preponderance of Evidence.**—A charge of the court, to the effect that the defendant must establish his insanity by a preponderance of testimony, announces the correct rule of law on that subject.

APPEAL from the District Court of Red River.   Tried below before Hon. E. D. McCLELLAN.

This appeal is from a judgment of conviction for horse theft, the punishment being assessed at five years in the penitentiary.

A statement of facts is unnecessary, further than the same is made to appear in the opinion of the court.

*Wm. S. Thomas*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of a horse, and sentenced to five years confinement in the penitentiary, from which he appeals.

1. The sole defense in the case was insanity; and the first question is the sufficiency of the evidence, which appellant claims establishes insanity. It appears from the statement of facts, that after working some three months for H. G. Tomlinson, in Red River County, appellant, in the night, took his employer's horse, saddle, bridle, gun, and dog, and started for the Indian Territory, leaving a note to his employer stating that he had killed a man in Virginia, and was on his way to surrender to the law, and was gone by way of Texarkana. Tomlinson tracked the horse by means of dogs, and followed the trail of appellant, which went in a northwest direction, instead of east to Texarkana. He recovered his horse from a man to whom appellant had traded him, and overtook appellant near Red River. Appellant, finding himself pursued, abandoned the horse, and ran into the thicket, where he was found lying wounded, having attempted to commit suicide.

The only evidence of insanity was epileptic attacks, supposed to have been occasioned by a blow on the head in early life; and that the mother of appellant was deranged at some period of her life, but had since recovered; and the belief of appellant's father that he was not right in his mind. Still the evidence undoubtedly shows that defendant well knew that he was doing wrong when he stole the property, and fully appreciated the consequences of his act, The letter, so far from proving insanity, was an ingenious plan to throw his pursuers off his track. The evidence does not support his plea of insanity. There is no proof of any epilepsy for months before or after the theft was committed, and we do not think the jury erred in finding against the plea.

2. The charge of the court, to the effect that appellant must establish his plea of insanity by a preponderance of testimony, is in accordance with the decisions of the court, which are well supported by authority, and we have no desire to reopen the question. Webb case, 9 Texas Ct. App., 512; King case, 9 Texas Ct. App., 557; Mendiola case, 18 Texas Ct. App., 466; Nevling v. Com., 98 Pa. St., 322; Coyle v. Com., 100 Pa. St., 573; Baccigalupo v. Com., 33 Grat., 807; Boswell v. The State, 63 Ala., 308; Graves v. The State, 45 N. J. Law, 203; State v. Redemeier, 71 Mo., 173; State v. Paulk, 18 S. C., 514; McDougal v. The State, 88 Ind., 24; People v. Pico, 62 Cal., 50; Walker v. People, 26 Hun, 67; Dejarnette v. Com., 75 Va., 867; Whart. Hom., sec. 668; Whart. Crim. Ev., sec. 340. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.