## BUTTNER v. SMITH.

No. 15,427; April 30, 1894.

### 36 Pac. 652.

**Options—Acceptance.—Defendant Gave Plaintiff a Written Option** to purchase stock for $3,100 cash and the balance on time. On the last day of the option plaintiff said he would take the stock "according to the terms of the writing," but defendant, desiring time to get a portion thereof from one to whom it was pledged, indorsed an extension of eleven days on the agreement. After such extension, plaintiff let defendant have $3,100 to get the pledged stock, but he failed to do so, and, after the expiration of the option, demanded the return of the $3,100. Held, that there was no binding acceptance of the option.

**Option.—Plaintiff is Entitled to Interest on the Sum** sought to be recovered from the date of his demand for its return.

APPEAL from Superior Court, Santa Clara County; John Reynolds, Judge.

Action by Buttner against Smith to recover money paid defendant to assist him in getting possession of stock. From a judgment for plaintiff and another denying a new trial defendant appeals. From an order denying plaintiff's motion to add to the verdict interest on the amount from the date demand was made for its return to the date the action was begun, plaintiff appeals. Order denying a new trial affirmed and judgment modified.

Kittridge & Krafft for appellant; Thomas V. Cator for respondent.

HARRISON, J.—The appellant gave to the respondent the following agreement:

"San Jose, Cal., May 24, 1889.

"I hereby grant to J. C. Buttner or assigns five days' refusal to purchase 490 shares of Union Mill and Lumber Co. stock for the sum of $15,100 on the following terms, to wit, $3,100 down on or before the 29th day of May, 1889, at 3 P. M.; $1,000 payable every six months thereafter, with interest on the whole balance, payable every six months, and the said 490 shares as security, and 20 shares additional; making 510 shares in all. . . . .

"CHAS. C. SMITH."

On the 29th of May the appellant desired further time to arrange about some of the stock that was held by one McCoy in pledge for an indebtedness of his, and made the following indorsement upon the foregoing instrument:

"San Jose, May 29, 1889.

"The within agreement is hereby continued until the 9th day of June, 1889, at 3 o'clock P. M.

"C. C. SMITH."

This indorsement was made at the Garden City Bank, in San Jose, which at the same time held one hundred and seventy shares of the stock in pledge for an indebtedness of the appellant, and where the respondent also had some money on deposit. After the above transaction, Buttner told Smith that

he had some money to his credit at that bank, and, upon Smith's statement, in reply to Buttner's suggestion, that if he would let him have the money it would help him to get that stock, Buttner let him have $3,100. About ten days after this time, Smith saw Buttner, and told him he could not get the stock from McCoy; and about two weeks later Smith again went to Buttner, and proposed a change in the contract, by which Buttner could get the stock in some other way. This, however, was declined by Buttner. Smith failed to get the stock from McCoy, and, in August, Buttner demanded that he pay back the $3,100, and, upon his refusal, brought this suit. The case was tried before a jury, and a verdict rendered in favor of the plaintiff. From the judgment entered thereon, and from an order denying a new trial, the defendant has appealed.

As the accounts of the interviews and of the conversations between them given to the jury by the plaintiff and defendant, respectively, are conflicting, we must assume that in everything in which such conflict existed the jury gave credence to those statements which are necessary to support their verdict, and disregarded those in contradiction thereof. The appellant has not brought up with the record the instructions given by the court upon the issues before the jury, and we must also assume that the issues to be determined by them were fully and correctly presented and pointed out, and that they were also correctly instructed upon all matters of law arising in the case pertaining to these issues: Garrison v. McGlockley, 38 Cal. 78.

1. It is contended by the appellant that, although the instrument of May 24th was only an option, and binding upon Smith alone, yet its acceptance by Buttner on the 29th of May made it a mutual contract, binding upon him as well as upon the appellant; and that, consequently, he has no right of action for its breach until after an offer of performance on his part, and a refusal by the appellant. The evidence, however, fails to show that the option contained in the instrument was ever so accepted by Buttner as to give Smith the right to insist that he should take the stock. The statement of Buttner to Smith, on the 29th of May, that he was ready to take the stock "according to the terms of the writing," was conditioned upon the performance of those terms by Smith, and, if Smith had

then tendered him the stock, he could have enforced the payment by Buttner; but when Smith told him that he was unable to close the transaction because a portion of the stock was held by McCoy, the conditional acceptance of Buttner ceased to have any effect, and did not become operative. The extension by Smith of his agreement until the 9th of June, which he then indorsed upon the original instrument, and gave to Buttner, had the same effect as if that date had been originally inserted in the instrument, and gave to Buttner until that date in which to accept the offer. While the transaction in which Buttner let Smith have the $3,100 involved in this action had reference to the negotiation for this stock, and may have been induced by the fact that the option had been given, it is shown by the evidence that it was made after this extension of time had been given, and was independent of the transaction. As the offer was never accepted by Buttner so as to become a binding obligation upon him, the appellant could not have been prejudiced by excluding his testimony in reference to any understanding respecting its terms.

2. When the cause was submitted to the jury, the court instructed them to give interest upon the sum of $3,100 from the date when the action was begun, and also directed the jury to make a special finding of the date at which the plaintiff made demand from the defendant for the return of this money. The jury found that this demand was made in the month of August, 1889, and the plaintiff thereupon moved the court to add to the verdict interest upon said sum of $3,100 from September 1, 1889, to the date when the action was begun. The court denied this motion, and the plaintiff has appealed therefrom. As the defendant was not entitled to retain the money after the plaintiff's demand therefor, his refusal to comply with such demand made him liable for interest thereon from that date (Civ. Code, sec. 3287); and the judgment should be modified by increasing the same as of the date of its entry in the sum of $377.26, the interest on $3,100 from September 1, 1889, to May 27, 1891, the date when the action was commenced. The order denying a new trial is affirmed, and the court below is directed to modify the judgment as above indicated.

We concur: Garoutte, J.; Paterson, J.