LEETE v. PACIFIC MILL & MINING CO.

(Circuit Court, D. Nevada. September 6, 1898.)

No. 651.

INTEREST—MONEY RECEIVED—CONSTRUCTION OF STATUTE.

St. Nev. 1887, § 1, properly punctuated, allows the recovery of legal interest on money received to the use of another from the time of demand.

Motion for new trial. For former opinion, see 88 Fed. 957.

J. D. Goodwin, for plaintiff.
W. E. F. Deal, for defendant.

HAWLEY, District Judge (orally). So far as the merits of this case are concerned, whether right or wrong, I gave the case my best thought and judgment; and it will be unnecessary for me to go over the ground again, because I could add nothing to what I have said on that subject. Leete v. Mining Co., 88 Fed. 957. The only point involved in this motion which is necessary to consider is the question of interest. The judgment follows the prayer of the complaint, and gives interest on the principal sum from the date when defendant received it, and claimed to be the owner thereof. When a man receives money that belongs to another, he ought, on general principles of equity and justice, to pay the legal interest from the time of the demand for the payment thereof; but, if the statute does not allow it, interest should not be given except from the date of the entry of the judgment. Vietti v. Nesbitt, 22 Nev. 390, 398, 41 Pac. 151.

The general rule is well expressed in 11 Am. & Eng. Enc. Law (1st Ed.) p. 395:

"Where one receives an advantage or benefit from the use of the money of another, he is chargeable with interest. Interest is always recoverable in this country on money lent. Whenever money has been received by a party which ex æquo et bono he ought to refund, interest follows as a matter of course." Buttner v. Smith (Cal.) 36 Pac. 652.

The difficulty arises from the peculiar wording and punctuation of the statute of this state, which reads as follows:

"Section 1. Section four of the above act is amended so as to read as follows: 'Sec. 4. When there is no express contract, in writing, fixing a different rate of interest, interest shall be allowed at the rate of seven per cent. per annum for all moneys after they become due on any bond, bill or promissory note, or other instrument of writing, on any judgment recovered before any court in this state for money lent, for money due on the settlement of accounts from the day on which the balance is ascertained, and from money received to the use of another.'" St. Nev. 1887, p. 82.

By strict grammatical rules, under the peculiar punctuation of this statute, and upon a casual reading thereof, it might appear that the

allowance of interest was divided into two classes, and two classes only: First, for all moneys after they become due on any bond, bill, or promissory note, or other instrument of writing; second, on any judgment recovered before any court in this state for money lent, for money due on the settlement of accounts from the day on which the balance is ascertained, and from money received to the use of another. There is, however, no apparent cause for such a limitation. The common sense and sound reason of the subject-matter of the statute would naturally demand that such a construction should not be given. There is certainly no good reason why a party should not have interest for money lent, as well as interest on a bond or note or other instrument in writing; nor can any be given why a man should not have interest from a party who has received money belonging to him after he refuses to pay it over.

Entertaining these views, I was unwilling to decide the question without investigating the facts concerning the original adoption of this statute, from whence taken, and the changes made therein by amendments, etc. In the Statutes of 1861 of the territory, when this statute was first adopted, the punctuation was different from what it is in this later statute. It reads:

"When there is no express contract, in writing, fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. per annum, for all moneys after they become due on any bond, bill, or promissory note, or other instrument of writing, on any judgment recovered before any court in this territory, for money lent, for money due on the settlement of accounts, from the day on which the balance is ascertained, and for money received to the use of another." St. Nev. 1861, p. 100.

The word "from," in the statute of 1887, should be "for." That is made perfectly clear by this reference. Now, it will be noticed that the statute of 1861 shows a comma after the word "territory"; that is, it gives interest on any judgment recovered before any court in this territory, then gives interest for money lent, then for money due, etc. It would have been clearer to have used a semicolon instead of a comma, but the other gives the sense. The punctuation is the same in the General Statutes as it is in the statutes of 1861, showing how the original bill read when it was passed. The only difference is that in the General Statutes the clerical error first crept in by using the word "from" instead of "for." The amendment was copied from the General Statutes, and some bungling clerk punctuated it so as to deprive it of any reasonable construction without reference to the previous statute.

Thinking the legislature must have copied this from the statute of some other state, and that it was my duty to find out what the intent of the legislature was, I have made the search, and found that this statute was taken from the statute of California, a few words left out, but the punctuation in the statute of 1861 gives the statute the same meaning that would be applied to it in California. This puts the matter beyond any doubt. The statute of California declares that interest shall be allowed at a certain rate: "First, for all moneys after they become due on any bond, bill, promissory note or other instrument of writing,"—just like ours. Then comes a semicolon, which makes the correct punctuation (our statute of 1861 gives a

89 F.—31

comma). "Second, on any judgment recovered before any court in this state; third, for money lent; fourth, for money due on the settlement of accounts, from the day on which the balance is ascertained; and, fifth, for money received to the use of another." St. Cal. 1850, p. 92; Burke v. Carruthers, 31 Cal. 467, 470. Under these circumstances, I am of opinion that the punctuation in the amended statute of 1887 must give way to the sense and reason of the rule which must be supposed to have guided the legislative intent in the passage of the law. The statute was taken from California. It is identical with that statute, except it leaves out the words "first," "second," etc., and there is the punctuation of a comma (,) instead of a semicolon (;). Under these circumstances the interest will be allowed to remain. New trial denied.