## In re RAMON'S ESTATE.

### RAMON et al. v. WORSHAM et al.
### Motion No. 9517; No. 1227—5596.

Commission of Appeals of Texas, Section B.

Nov. 12, 1931.

For former opinion, see 35 S.W.(2d) 699.

See, also (Tex. Civ. App.) 20 S.W.(2d) 351.

Hicks, Hicks, Dickson & Bobbitt, Schlesinger & Schlesinger, and Harry L. Howard, all of San Antonio, and Pope, Pope & Pope, of Laredo, for plaintiffs in error.

Mann, Neel & Mann, of Laredo, for defendants in error.

LEDDY, J.

Upon the original hearing we reversed the judgment of the Court of Civil Appeals and the district court, dismissed the cause as to plaintiff in error Angelita Sobreville, and remanded the same for another trial between the remaining parties. We should have reversed the cause for another trial as to all the parties, as we are convinced that that portion of the opinion holding plaintiff in error Angelita Sobreville, not having been a party to the trial in the county court, could not be made a party to the proceeding in the district court on appeal, is erroneous.

The jurisdiction of the district court upon a trial de novo was as comprehensive as that possessed by the county court; hence any person interested in the proceeding had the same right to intervene or be made a party in the cause upon appeal in the district court as when the cause was pending in the county court. Phelps v. Ashton, 30 Tex. 344; Vance v. Upson, 64 Tex. 268; Pipkin v. Turner (Tex. Civ. App.) 277 S. W. 221.

It is strenuously insisted by defendants in error in their motion for rehearing that proof offered by plaintiffs in error, to the effect that a brother of testator was three times adjudged insane and died while an inmate of an asylum, was properly rejected by the trial court because no proper predicate had been laid for the admission of such evidence.

Defendants in error concede the rule is well established that where the sanity of a person is in dispute the insanity of his blood relatives in the ancestral line may be shown as tending to establish the fact of insanity. Lovegrove v. State, 31 Tex. Cr. R. 491, 21 S. W. 191; People v. Smith, 31 Cal. 467; Snow v. Benton, 28 Ill. 306; State v. Van Tassel, 103 Iowa, 11, 72 N. W. 497. But in this connection they assert that such proof was not admissible as a circumstance to corroborate evidence showing want of mental capacity on the part of the testator, in the absence of proof showing that such insanity was hereditary or of a transmissible type.

It is stated in the argument supporting defendants in error's motion for rehearing that, while the courts of this state have never had occasion to pass directly upon this question, the holding of the courts of other states and text-book writers upon the subject are unanimously against permitting such evidence to be introduced without proof of the hereditary nature of the insanity with which the relatives are claimed to have been afflicted. If this statement be correct, and our holding is in opposition to the unanimous pronouncement of all the courts of the country as well as text-book writers upon the subject, then defendant in error's motion ought to be granted. A careful examination of the authorities upon this question, however, does not sustain the broad assertion thus made by counsel. It is true a number of the earlier decisions hold proof that insanity is hereditary must be made before evidence should be admitted showing insanity in relatives of the defendant. But the weight of the modern decisions is clearly to the contrary. Prewitt y. State, 106 Miss. 82, 63 So. 330, 6 A. L. R. 1476; James v. State, 193 Ala. 55, 69 So. 569, Ann. Cas. 1918B, 119; Dillman v. McDanel, 222 Ill. 276, 78 N. E. 591, 594, 113 Am. St. Rep. 400; Martin v. Beatty, 254 Ill. 615, 98 N. E. 996; Baxter v. Abbott, 7 Gray (Mass.) 71; Green v. State, 64 Ark. 523, 43 S. W. 973; People v. Garbutt, 17 Mich. 9, 97 Am. Dec. 162; Hagan

v. State, 5 Baxt. (Tenn.) 615; State v. Penna, 35 Mont. 535, 90 P. 787; People v. Pine, 2 Barb. (N. Y.) 566; State v. Simms, 68 Mo. 305; 1 Wigmore on Ev. § 232; 1 Wharton & Stiles Med. Jur., § 576; Com. v. Dale, 264 Pa. 362, 107 A. 743, 6 A. L. R. 1482; State v. Hoyt, 47 Conn. 518, 36 Am. Rep. 89.

In the note to the case of Commonwealth of Pennsylvania v. Dale, above cited, the cases on both sides of this question are exhaustively reviewed. The conclusion of the author as to the state of the authorities on the subject is thus stated: "It cannot be said, however, that the weight of authority requires proof that insanity is hereditary or of a transmissible type, since the majority of cases seem to regard such proof as unnecessary."

In Prewitt v. State, 106 Miss. 82, 63 So. 330, 331, 6 A. L. R. 1476, it was held that testimony that defendant's father, uncle, and other blood relatives had been insane was admissible without proof that such insanity was of an hereditary nature. The court, in discussing this question, said: "To exclude facts from evidence which depend for their value upon the law of heredity. for the reason that such law has not been proven is, or should be, as shocking to the judicial mind as the exclusion of facts from evidence depending upon the law of gravity for the reason that such law has not been proven. Heredity, 'is a universal law of organic life,' and is defined as 'that biological law by which all beings endowed with life tend to repeat themselves in their descendants.'"

In Baxter v. Abbott, 7 Gray, 71, the Supreme Court of Massachusetts, in discussing the hereditary nature of insanity, said: "The transmission of this predisposition to insanity is matter of general observation, and is recognized by the best medical authorities. Esquirol says this hereditary taint is the most common of all the causes to which insanity can be preferred. Esquirol on Mental Maladies, translated by Hunt, 49."

The Supreme Court of Tennessee, in Hagan v. State, 5 Baxt. 615, in holding evidence of this nature admissible without the necessity of laying a predicate that the insanity sought to be proven is of a transmissible type, said: "If medical science has determined any one question more clearly than another, it is that insanity is hereditary. * * * If medical men, in determining the sanity or insanity of a party, enquire minutely into the mental condition of his immediate family, why is it that a court, seeking after truth of the sanity or insanity of a party, refuses to enquire after the mental condition of his ancestry or immediate family?"

The Supreme Court of Illinois, in Dillman v. McDanel, supra, in discussing the conflict of the authorities upon this question, observes: "The precedents are not a unit on this question, but we think the greater weight of authority is that, where the sanity or insanity of an individual is the subject of judicial investigation, and there is other evidence tending to show mental unsoundness, it is competent to show the insanity of his collateral blood relations, not further removed than uncles and aunts, without making proof that the insanity from which they suffered was hereditary in character."

In the late case of Woodruff's Ex'r v. Woodruff, decided by the Court of Appeals of Kentucky, 233 Ky. 744, 26 S.W.(2d) 751, 753, in passing on the admissibility of this character of evidence, declared: "The court did not. err in admitting the evidence as to insanity in his mother's family; for insanity is peculiarly hereditary, and in cases of this sort the evidence necessarily is allowed to take a wide range."

We conclude that the weight of authority is against the proposition that proof of insanity of relatives in the direct ancestral line cannot be admitted without a predicate being first laid by showing that the insanity of such relatives is of an hereditary nature. But, be this as it may, we are firmly of the opinion that the later decisions we have quoted from are supported by the better and sounder reasoning. The recognition of the contrary rule would render it extremely difficult to obtain proof of the particular nature of insanity in relatives in years past and would, in many instances, effectually close the door to the admission of this character of evidence. We would hesitate long before adopting a rule of evidence which would operate in many cases to deny those seeking to establish the truth, as to a party's mental condition the benefit of evidence, which, by the unanimous pronouncement of the medical world, is entitled to very great weight in determining the question of sanity.

We are in agreement with the Court of Civil Appeals on its decision of the questions raised by plaintiff in error Angelita Sobreville. We therefore deem it unnecessary to discuss such questions here. It is sufficient to announce that in our opinion the same were properly determined by that court.

We recommend that the motion of Angelita Sobreville be granted, the motion of the other defendants in error be overruled, and our former. judgment modified so as to remand the cause for another trial between all the parties.

## On Rehearing.

CURETON, C. J.

· Previous judgment set aside, and judgment entered reversing the judgments of the district court and Court of Civil Appeals, and cause remanded as to all parties, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.