Stevens v. Price.

JACOB S. STEVENS v. RICHARD C. PRICE.

Where the citation was returned "came to hand May 8th, 1855, served by giving J. S. Stevens a copy of the same this 9th May, 1855," it was held insufficient on error from a judgment by default.

Error from Rusk. Before the Hon. W. W. Morris.

*M. Casey*, for plaintiff in error.

*M. J. Hall*, for defendant in error.

HEMPHILL, CH. J.  Judgment by default.  The defendant assigns that there was no service of process.  The endorsement of the Sheriff on the citation is in the following words, viz : "Came to hand May 8th, 1855." "Served by giving J. S. Stevens a copy of the same, this 9th May, 1855."  The objection is that this return shows no legal service.  The mode of service of process is provided in Art. 679, which declares, in effect, that the Sheriff, when not otherwise directed in the writ, shall execute the same by delivering to the party in person a copy thereof and a copy of the petition accompanying it &c.  By Art. 2894, (14th Section of the Act of May, 1846,) the Sheriff was required to endorse on process the day when and the manner in which he executed it.  And this injunction was rendered more specific by Art. 811, (Sec. 11, of the Act of March, 1848,) which declares that the return of the Sheriff, or other officer, shall be made in writing on the back of the process, or attached thereto, stating fully the time and manner of service, and shall be signed by him officially.

These provisions show that not only must there be service of a copy of the citation and of the petition, but that the return must show fully, that there had been such service.  The usual manner in which such return is made, is, "served the defendant (A. B.) by delivering to him a copy of this writ and also a copy of the petition," or in terms of equivalent import.

The return in this case is a departure from the customary mode ; is not equivalent in its terms or import, and does not satisfy the requisitions of the law.  If it be admitted that the return should be read in connection with the endorsement of the time at which the process came to the hands of the Sheriff, and that the entry "came to hand" means not only that the writ, but that also a copy of the petition come to the hands of the Sheriff, the return of service of a copy of the same might, by inference, be held a service of a copy of the citation ; but the inference would go further, and establish that there was service, not of a copy of the petition, but of a copy of that

copy.  The return, if it has any definte signification, is that there was service of a copy of the papers that were lodged with the Sheriff ; consequently that there was service of a second, and not the original copy of the petition.   Such loose mode of stating returns by Sheriffs, should be discountenanced. One irregularity, if tolerated, will be followed by others, and the result would be a total neglect of the statute.

The question is not whether the judgment is void for the want of sufficiency in the return, but whether the defect is fatal on error or appeal.    We are of opinion that this must be answered in the affirmative, and it is therefore ordered that the judgment be reversed and cause remanded for a new trial.

Reversed and remanded.