SCOTT et al. v. RAY.

(Court of Civil Appeals of Texas. Amarillo.
Dec. 9, 1911.)[1]

PROCESS (§ 134*)—RETURN—SUFFICIENCY—
STATUTORY PROVISIONS.

Rev. St. 1895, art. 1218, requires that citation shall be served by delivering to the defendant, in person, or to each of them if there be more than one, a true copy of the citation. The return on a citation was that it had been "executed * * * by delivering to Jennie Scott

[1] Filed in the Court of Civil Appeals at Ft. Worth March 18, 1911, and transferred to this court July 1, 1911, by order of the Supreme Court.

and J. G. Scott, * * * the within named defendant in person, a true copy of this writ." *Held*, that as the return failed to show which one, if either, of the two defendants named, was served, it was tantamount to a service on neither of them, and insufficient.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 134.*]

Error from District Court, Lynn County; Jas. R. Robinson, Judge.

Action by Martha I. Ray against Jennie Scott and others. Judgment for plaintiff, and defendant Scott and another bring error. Reversed and remanded.

H. C. Ferguson, for plaintiffs in error. J. P. Marrs and G. E. Lockhart, for defendant in error.

PRESLER, J. Defendants in error brought this suit against appellants in error, Jennie Scott, J. G. Scott, and T. N. Bartley, and recovered judgment against all of the defendants named on the note sued on for principal, interest, and attorney's fees. The judgment rendered as against plaintiffs in error Jennie Scott and J. G. Scott being by default, from this judgment plaintiffs in error appeal and here ask that said judgment be reversed because the record fails to show proper service of the citation. The sheriff's return upon the citation in question is as follows: "Sheriff's Return. Came to hand the 17th day of August, A. D. 1910, at 5 o'clock p. m. and executed on the 17th day of August, A. D. 1910, at 6 o'clock p. m., by delivering to Jennie Scott and J. G. Scott, in Tahoka, the within named defendant in person, a true copy of this writ. J. S. Wells, Sheriff, Lynn County, Texas. Fees serving two copies $1.50. Mileage ———. Total $1.50."

The statute (article 1218, R. S.) requires that, "unless the process shall otherwise direct, the citation shall be served if within the county in which suit is pending, by the officer executing it, delivering to the defendant, or if there be more than one, then to each defendant, in person, a true copy of the citation." This return is insufficient to show service upon each of the defendants in person of a true copy of the writ and is almost identical with the service in the case of Russel v. Butler, 71 S. W. 395. See, also, Holliday v. Steele, 65 Tex. 388; King v. Goodson, 42 Tex. 153. The service in question also fails to show which one, if either, of the two defendants named, was served, and is tantamount to a service on neither of said defendants.

It is not considered necessary to pass on plaintiff in error's remaining two assignments, which appear to complain only of matters of calculation in arriving at the amount of the judgment rendered, principal, interest, and attorney's fees, in view of the reversal of this case, because of the error hereinbefore pointed out.

The judgment is therefore reversed, and the cause remanded.