**DANIEL MILLER CO. v. PUETT et al.**
(No. 1477.)

(Court of Civil Appeals of Texas. El Paso.
April 26, 1923. Rehearing Denied
May 31, 1923.)

1. Costs ⚖️197—Without personal service, judgment for costs against nonresident is void.

Where there is no personal service, judgment for costs against a nonresident is void.

2. Process ⚖️138—Return of sheriff not specifying dates of publication is void.

A return of a sheriff was insufficient to show service by publication, where it did not specify the dates of publication, but referred only to an affidavit of the printer for them.

3. Process ⚖️138—Return of sheriff filed before period of publication was completed held insufficient.

A return of a sheriff was insufficient to show service by publication, where it was filed in the court before the full 28 days for publication were up.

4. Judgment ⚖️144—Default judgment set aside, where court did not file statement of the evidence.

Default judgment must be reversed, where the court did not file statement of the evidence as required by Rev. St. art. 1941.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by W. H. Puett against the Daniel Miller Company and another. Judgment for plaintiff, and the named defendant brings error. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, for plaintiff in error.

M. McCullough, of Eastland, for defendants in error.

HARPER, C. J. W. H. Puett brought this suit in the Ninety-First district court against the Daniel Miller Company, a corporation, and Sam E. Nolley, sheriff, and for cause of action, in substance, alleged, as pertinent to the questions presented here:

That defendant filed suit against him, No. 7489, upon open account in Ninety-First district court for $504.78. That his attorney filed an answer. That counsel for both parties agreed not to try the case without notice. That counsel for defendant breached the agreement and took judgment without notice to this plaintiff on May 21, 1921. That he did not discover that judgment had been taken until execution was issued August 30, 1921, and placed in the hands of the sheriff. That it is now in the hands of the sheriff, and he is about to levy upon the property of plaintiff. That said judgment is void for reasons assigned, tainted with fraud and mistake, etc. Then sets up a valid defense, that he does not owe the debt. Prayed for temporary injunction restraining the sheriff from making levy. For citation,. that the judgment be vacated, and that the court adjudge that plaintiff does not owe the defendant any sum whatever, etc."

The court granted the temporary injunction.

Citation by publication was issued and placed in the hands of the sheriff. His return is as follows:

"Came to hand on the 3d day of November, A. D. 1921, at 10 o'clock a. m., and I executed the within citation, publishing the same in the Eastland Chronicle, a newspaper published in the county of Eastland (see publisher's affidavit for dates), once in each week for four successive weeks previous to the return day hereof. Said publication was made respectively on the —— and —— days of —— A. D. 19— and a printed copy thereof is returned herewith. S. E. Nolley, Sheriff, Eastland County, by Joe W. Hague, Deputy."

The clerk's notation is: "Filed 16 day of Nov. 1921." The affidavit of the printer is that the citation was published four times, one week apart, giving the dates. No personal service, and no answer by defendant. An attorney appointed by the court filed formal answer.

The court rendered judgment by default against Daniel Miller Company that the temporary writ of injunction be made permanent as to execution then in the hands of the sheriff, restrained from having another issued upon its said judgment. The judgment is "set aside, held for naught and is void," and that "plaintiff, Puett is hereby held not to be indebted to said Daniel Miller Company in any sum whatever on the open account declared on in cause No. 7489, and that this plaintiff recover costs of the company."

Daniel Miller Company prosecutes this writ of error for review of said judgment.

[1] Being no personal service the judgment for costs against the nonresident is void. Reed v. First State Bank of Purdon (Tex. Civ. App.) 211 S. W. 333.

[2, 3] The return of the sheriff is insufficient to show service by publication because: (1) It does not specify the dates of publication, but refers only to an affidavit of the printer for them. Maury v. Keller (Tex. Civ. App.) 53 S. W. 59; Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145; Turner v. Maury (Tex. Civ. App.) 224 S. W. 255. (2) The return does not show the date of return, but the clerk's

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

notation shows it was filed in the court before the full 28 days for publication were up.

[4] The judgment must be reversed, for the further reason that the court did not file statement of the evidence as required by article 1941, Revised Civil Statutes of Texas. Hewitt v. Thomas, 46 Tex. 232; Garvey v. State (Tex. Civ. App.) 88 S. W. 873.

For the reasons assigned, the cause is reversed and remanded.