## GUNTER'S UNKNOWN HEIRS AND LE-GAL REPRESENTATIVES v. LAGOW.

### No. 9529.

Court of Civil Appeals of Texas. Austin.
Nov. 28, 1945.

Rehearing Denied Dec. 12, 1945.

M. M. White, of Belton, for appellants.

Cox, Brown & Daniel, of Temple, for appellee.

Arthur M. Teed, Curtis Douglass, Thos. L. Wade, Wm. Jarrel Smith, and John V. Osborne, all of Pampa, amici curiæ.

BAUGH, Justice.

Appellee sued appellants for a declaratory judgment quieting his title in certain real estate in Temple, Bell County, Texas, specifically alleging that the decision of the Court of Civil Appeals, in Wagner v. Urban, 170 S.W.2d 270, has, since he acquired said lands, cast a cloud upon his title thereto. The allegations were that he had acquired title through mesne conveyances from Margaret McLean Diaz, independent executrix of the will of May Gunter, deceased, and sole devisee of said property, which will had been probated in the probate court of Bell County, under the following circumstances:

Application by the named executrix for the probate of said will was filed in said court on May 8, 1937, citation issued thereon on that date, and placed in the hands of the Sheriff, returnable on May 24, 1937. The Sheriff made his return on the same date, i.e. May 8, 1937, showing that he had posted same at the courthouse door of Bell County. Said will was admitted to probate, upon proper hearing and proof, on May 25, 1937. Thereafter through mesne conveyances from the testatrix and devisee of said will, appellee acquired title to the lands in question.

In the instant case, appellants herein, defendants in the trial court, were cited by publication and an attorney ad litem appointed by the court to represent them. Said attorney excepted to plaintiff's petition on the grounds: (1) That no justiciable controversy was alleged, and, consequently, that no declaratory judgment would lie; and (2), in effect, that the allegations affirmatively show that the citation and return in the probate court, on which the will of May Gunter, deceased, was probated, are fatally defective; and that the probate court acquired no jurisdiction to probate said will.

Trial was to the court without a jury and judgment rendered for appellee as prayed for. Upon request the trial court filed findings of fact and conclusions of law. The facts are not controverted; and those material to our inquiry here are stated above. The court concluded as a matter of law that such service and return of the citation in the probate court constituted a compliance with Arts. 3310a and 3311, Vernon's Ann.Civ.St.; that said notice having been posted 15 days prior to the return day, absent proof to the contrary, the presumption obtains that it remained posted throughout said period; and that in view of the requirements imposed by Art. 3348, Revised Civil Stats., on the probate court, that court's findings, in its decree admitting said will to probate, "that this court has jurisdiction of this estate; that citation has been duly issued, served and returned in the manner and form and for the length of time required by law"; is conclusive upon the question of proper service.

The first contention made is that "Appellee's petition presented no justiciable controversy to the trial court for decision." This on the ground that the judgment and holding in Wagner v. Urban is binding only upon the parties to that suit, and not upon appellants; that under that judgment appellants could assert no claim to the lands here in question, and, therefore, no justiciable controversy is here presented, citing particularly Anderson on Declaratory Judgments, pars. 27, 54 and 62, pp. 87, 151 and 175.

This contention is not, we think, applicable to the facts of the instant case. While it is alleged that, under the facts of the instant case, the holding in Wagner v. Urban creates a cloud upon appellee's title; the real question here presented calls for

a construction of Arts. 3310a and 3311, Vernon's Ann.Civ.St., as to requirements for legal service. If these statutes were not complied with, failure to do so would clearly affect the rights of appellee within the meaning of the Uniform Declaratory Judgments Act, Acts 1943, 48 Leg., p. 265, ch. 164, Art. 2524—1, Vernon's Ann.Civ.St. Further, the suit here involved is one in the nature of a suit to quiet title, or to remove cloud from title, to lands. Judgments in such suits, where brought against unknown heirs, are essentially declaratory in nature; and have almost uniformly been held to come within the purview of such acts. 16 Am.Jur., Sec. 3, p. 277, Sec. 47, p. 320; Annotations 88 A.L.R. p. 1234, 155 A.L.R. p. 519; Anderson, Declaratory Judgments, Sec. 314, p. 751.

The other contention made is that under the facts above stated the recited service upon the application for the probate of said will was void, and gave the probate court no jurisdiction over it. In support of this contention appellants rely primarily on the case of Wagner v. Urban, supra, and the applicable statutes. The issue is narrowed down to the question of whether or not the sheriff, after he has posted at the courthouse door the notice required by Arts. 3310a and 3311, must wait until the expiration of such 10-day period before he can make a valid return thereon showing "the time when and the place where he posted such copy." We do not so construe the statutes. Where the duty of the sheriff in serving process is a continuing duty over a given period of time, obviously he could not certify that he had fully performed that duty until that time had elapsed. Such an instance is presented where publication of a citation in a newspaper for four consecutive weeks is required, as was true in Daniel Miller Co. v. Puett, Tex.Civ.App., 252 S.W. 333, one of the cases relied upon by appellants. Obviously in such case the officer could not know whether the publisher had in fact made four such publications until the time in which they were to be made had expired.

But that is not the case here presented. What then are the duties required of the sheriff by Arts. 3310a, 3311 and 3334? The purpose of citation is to give proper notice, to those entitled thereto, of the matter to be determined by the court, and the place and time of such hearing. This necessarily involves two elements:

(1) The service of the process; and (2) the return of the officer, showing that he has complied with the law. It is the service, and not the return, which gives the court jurisdiction over the defendant. See 42 Am.Jur., Sec. 117, p. 104, and numerous cases cited in the footnote. The return of citation is but the certificate of the officer as to where, when and how it was executed. And such return, if erroneous, may be subsequently corrected. Lafleaur v. Switzer, Tex.Civ.App., 109 S.W.2d 239. The essential time element in the service of process is that the defendant be informed in advance of the hearing, the length of time prescribed by law to enable him to defend against it. What further duties are required of the sheriff in probate cases after he has posted the notice required by law? Must he, before he can make a valid return, await the expiration of the 10-day period and then ascertain whether such notice has remained posted continuously during such period, in order to constitute a valid service? We do not think the statutes so require. While Art. 3334 does require that the citation shall be posted "at the courthouse door for not less than ten (10) days before the return day thereof," it is clear we think that the "return day" as therein used refers, not to the day on which the sheriff should make his return, but to the day on which the application is set down for hearing. The same language is used in Sec. 2 of Art. 3311, which prescribes the duty of the sheriff as to service by "stating in a written return thereon the *time when* and the *place where* he *posted* such copy" (emphasis ours). We find nothing in said statutes which requires the sheriff to see to it that such notice remains posted continuously during the 10-day period; nor which forbids him to make his return until after such time has elapsed; nor requiring him to certify that such notice has remained posted continuously for the entire period.

This exact question seems never to have been passed upon in Texas. At least no case has been cited to us nor have we found one. However, we think, the interpretation by the Court of Criminal Appeals of local option election law wherein posting of notices of such election was required, is persuasive. In writing on motion for rehearing in that case, the court said:

"By 'posting as required by law' is meant that the notices must be actually

**114**

posted the requisite number of days before the election is held. The fact that the notices may have been subsequently torn or blown down would not affect the validity of the election. Where the statute requires the notices to be posted 12 days before the election, if the proof conclusively shows that said posting did occur, then the court, as indicated in the original opinion, is authorized to tell the jury, as a question of law, that the local option law is valid." Nelson v. State, Tex.Cr.App., 75 S.W. 502, 504.

Such, we think, is a reasonable and common sense interpretation of the statutes in question. We conclude, therefore, that after the sheriff has discharged the only duty imposed upon him by law, that is, by seasonably posting such notice at the courthouse door, and his return shows such fact, such service is valid and the court acquires jurisdiction, whether the return be made before or after the expiration of the 10-day period.

While our conclusion differs from that expressed in the Wagner case, it is manifest, we think, that the decision in that case was grounded primarily on the fact that the clerk, and not the sheriff, had posted the notice; and that the question here involved was not there given controlling consideration. This, for the reason that the court in that case apparently based its conclusion on the question here presented on the holding in Daniel Miller Co. v. Puett, Tex.Civ.App., 252 S.W. 333, which case, as pointed out above, is not applicable here, but involved a different character of service had under a different statute.

But if it be necessary, under the posting statute that the notice remain posted for the prescribed period before service is complete, it should, we think, as the trial court concluded, be presumed that once legally posted, the notice remained so posted unless the contrary be shown. There is neither allegation nor proof in the instant case that it did not. And if such continuity be construed as necessary in order to constitute valid service, then such fact issue is embraced within the provisions of Art. 3348, which requires the court, before admitting a will to probate, to determine whether or not "citation has been served and returned in the manner and for the length of time required by law." The probate court so decreed in admitting said will to probate. And as against a collateral attack such adjudica-tion is conclusive as to its recitals, unless the judgment record itself affirmatively discloses otherwise. That record does disclose that the sheriff did make his return in less than ten days after he posted said notice; but that fact does not invalidate the service. As to all other fact issues, if any, which might, if seasonably and properly presented, have affected the sufficiency of the service, the judgment of the court admitting the will to probate is conclusive.

The importance of the question here presented, and its effect upon land titles generally, is but emphasized by the testimony in this record that in more than 1,000 probate cases filed in Bell County alone since 1935, the same procedure of making and filing the return on the citation prior to the expiration, after posting, of the 10-day period was followed; and that such practice has been followed in numerous other counties. Such general practice may be taken to indicate the same interpretation by the bar generally of the statutes involved that we place upon them; and one which we think is reasonable and sound. To hold otherwise would result in casting a cloud upon titles to thousands of tracts of land upon which probate proceedings have been had.

For the reasons stated the judgment of the trial court is affirmed.

Affirmed.