## A. J. HILL CO. v. TEX–TAN OF YOAKUM.

### No. 12249.

Court of Civil Appeals of Texas. Galveston.

Jan. 11, 1951.

Rehearing Denied Feb. 1, 1951.

———◆———

W. J. Knight, of Houston, for appellant.

Ross, Banks & May and E. B. Laughlin, all of Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the cause below, together with the Appellant's sole point-of-error in this Court, is quoted in hæc verba from Appellant's brief:

"This is a Writ of Error, bringing before this Court for review a judgment of the County Court at Law of Harris County, Texas, rendered the 22nd day of June, 1950, in Cause No. 59063, entitled Tex-Tan of Yoakum vs. A. J. Hill Company, on the docket of said Court. The Judgment awards to the Plaintiff in the Court below a money judgment in the sum of $325.31, with interest and costs, against the Defendant, A. J. Hill, Individually, and doing business as A. J. Hill Company. The Defendant made no appearance whatever in the Court below, and judgment was by default. The only point raised in this Court is the validity of the service, upon which the default judgment rests.

"Point upon which writ of error is predicated

"The court below erred in entering judgment by default in this case."

As a basis for the point so presented here, the Appellant then sets out the officer's full return on the citation involved, the material part of which was this:

"Officer's Return.

"Came to hand on the 1 day of May, 1950, at 11 o'clock A.M., and executed in Harris County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date | | | Time | | |
|------|------|------|------|------|------|------|
| | Month | Day | Year | Hour | Min. | ——M |
| A. J. Hill, Ind. & dba A. J. Hill Co. | 5 | 3 | 50 | 9 | 30 | A. M." |

In arguing such contention, the Appellant's brief again recites:

"It will be noted that the Officer's Return does not anywhere recite, nor is it otherwise shown by the Transcript of the record of the proceedings in the Court below, that the officer serving the citation delivered to the Defendant 'a true copy of the citation with the date of delivery endorsed thereon', as required by Rule 106 of the Texas Rules of Civil Procedure."

The leading authorities cited in support of the claimed invalidity of the service so rendered are these: Texas Rules of Civil Procedure, Rules 2, 15, 16, 106, 107 and 124; Continental Insurance Co. v. Milliken, 64 Tex. 46; Stevens v. Price, 16 Tex. 572; Texas Pipe Line Co. v. Miller, Tex.Civ. App., 71 S.W.2d 348; National Livestock Commission Co. v. Goff, Tex.Civ.App., 280 S.W. 856; Holcomb & Hoke Mfg. Co. v. Amason, Tex.Civ.App., 2 S.W.2d 360; Remington-Rand Business Service v. Angelo Printing Co., Tex.Civ.App., 31 S.W. 2d 1098; Wagner v. Urban, Tex.Civ.App., 170 S.W.2d 270; Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676; Lauderdale v. R. & T. A. Ennis Stationery Co., 80 Tex. 496, 16 S.W. 308; Scott v. Ray, Tex.Civ.App., 141 S.W. 1002; Kitzpatrick v. Dorris Bros., Tex.Civ.App., 284 S.W. 303; Mansfield v. Security Trust Co., Tex.Civ.App., 175 S.W.

771; Friend v. Thomas, Tex.Civ.App., 187 S.W. 986; Price v. Black Bros., Inc., Tex. Civ.App., 19 S.W.2d 847; Volumes V, Texas Bar Journal, page 168, and VIII, page 13.

In its turn, the Appellee, Tex-Tan of Yoakum, states in reply a single counter-point, to this effect: "The court below had personal jurisdiction over the defendant, enabling it to enter judgment by default."

It recites these further proceedings, "The trial court entered judgment by default against the Defendant, A. J. Hill, individually, and doing business as A. J. Hill Company, for the sum of $325.31, together with 6% interest thereon per annum from January 1, 1949, and all costs of Court, and the Court further found that Defendant had been duly cited and served with Citation in the manner and for the time required by law, and that the Defendant came not, but wholly made default."

It cites in support of its answering position these authorities: Texas Bar Journal, Volume 8, page 30; Rules 106 and 107 of Texas Rules of Civil Procedure; Gunter's Unknown Heirs v. Lagow, Tex.Civ.App., 191 S.W.2d 111; Wagner v. Urban, Tex. Civ.App., 170 S.W.2d 270.

Without extended discussion, this Court is constrained to overrule the position of the Appellant, and to sustain that of the Appellee instead; in short, it is held that the failure of the officer serving the citation to endorse the date of the delivery of a copy of it to the defendant did not destroy the jurisdiction of the trial court to render a default-judgment therein; in such a situation, if a defendant considered himself aggrieved thereby, he could have seasonably moved the Court to set aside the default-judgment for that reason, in order that he might have an opportunity to appeal and secure a trial on the merits.

Neither does a close reading of T.R.C.P., Rule 106, appear to this Court to require an officer serving a citation to state in his return thereof that the date of delivery had been endorsed on the defendant's copy, although it does clearly require the officer to so endorse on the copy of the citation that he actually delivered to the defendant;

Nor does it appear herein that the citation in this instance did not conform with the provisions and requirements of cited Rule 107; indeed, since that rule descends to the particulars of the manner of service, it seems reasonably clear that the quoted return here did reasonably conform to those specifications; that is, it states that this citation was delivered *in person* to A. J. Hill, individually, and doing business as A. J. Hill Company.

In other words, the principle thus stated in the cited case of Gunter's Unknown Heirs v. Lagow, Tex.Civ.App., 191 S.W.2d 111, 113, is applicable:

"It is the service [of process], and not the return, which gives the court jurisdiction over the defendant. * * * The return of citation is but the certificate of the officer as to where, when and how it was executed. And such returns, if erroneous, may be subsequently corrected. * * * The essential time element in the service of process is that the defendant be informed in advance of the hearing, the length of time prescribed by law to enable him to defend against it."

The same principle is stated in the Wagner v. Urban Case, 170 S.W.2d 270, as cited supra.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.