

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711
April 23, 1970

Mr. Charles R. Barden, P.E.
Executive Secretary
Texas Air Control Board
1100 West 49th Street
Austin, Texas   78756

Opinion No. M- 616

Re: Extent of authority
of a city-county
health district
established under
Article 4447a, V.C.S.
to enforce air
pollution laws

Dear Mr. Barden:

You have requested our opinion as to whether a city-county health district (Article 4447a, Vernon's Civil Statutes), which is now defined in Article 4477-5 as a "local government," can make rules and regulations or otherwise enforce the air pollution laws. You ask whether our former opinion M-257 (1968) has been altered by the 1969 amendatory revision of Article 4477-5, Vernon's Civil Statutes. That opinion, insofar as this request is concerned, held that a city-county health unit was not at that time defined as a "local government" under the Texas Clean Air Act so as to authorize such entity to enforce the law.

The Legislature has subsequently amended the Texas Clean Air Act. (Acts 1969, 61st Leg., R.S., p. 817, ch. 273, being S.B. 48, codified by Vernon as Art. 4477-5). This Act became effective September 1, 1969; Section 1.03 (7), thereof reads as follows:

> "(7) 'local government' means a county; an incorporated city or town; or a health district established under authority of Chapter 63, Acts of the 51st Legislature, 1949, as amended by Chapter 239, Acts of the 56th Legislature, 1959 (Article 4447a, Vernon's Texas Civil Statutes)."

Article 4447a, authorizes a County Commissioner Court, the municipal authorities of any one or more cities,

-2946-

towns, school boards and school districts, and any other governmental entity to create city-county health districts by written "agreement." Section 4 of Article 4447a provides that a "health district may perform all the functions pertaining to public health which any of its component members is authorized to perform." We are of the opinion that Article 4447a is a valid general grant by reference from the Texas Legislature to this regional district of all of the powers relating to public health and abatement of pollution that are possessed by the component agencies who agree to form the health district. 53 Tex. Jur. 2d 137, Statutes, Sec. 92; 82 C.J.S., Statutes, Sec. 370, page 848; 50 Am. Jur., Statutes, Sec. 39, pages 58-59; Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927); 25 Ruling Case Law, Sec. 160, page 908; 59 C.J. Statutes, Sec. 624, page 1061. All health districts would thus have the powers delegated to local governments under Subchapter E of the Texas Clean Air Act, including the power to enforce the Act and such rules and regulations of the Texas Air Control Board promulgated pursuant thereto.

However, the Act gives only incorporated cities or towns the right to enact and enforce ordinances for the abatement of air pollution, so that a city or town would have to be a party to the agreement enacting the district before the city-county health district would have the power to ordain and adopt ordinances not inconsistent with state rules. Sec. 5.05, Texas Clean Air Act.

To the extent that Attorney General Opinion No. M-257 supra, should conflict with this holding, such prior opinion is hereby modified to the extent of any conflict because of the re-definition of "local government" by the 1969 amendment to the Texas Clean Air Act. Such a Legislative Act does not take away the present duties and powers of cities and counties since Art. 4447a is not an exclusive act; nor would appointment of a counsel for a city-county health unit diminish the authority of a city attorney or county attorney should such units of local government desire to file individual suits to abate air pollution even after creating the health district. Attorney General Opinion C-782 (1966). A city or county would not lessen their legal duties to abate water or air pollution by virtue of any agreement for these duties also to be done for them by a health district.

A county has only those powers or duties as are conferred by the constitution and statutes of the state. 15 Tex. Jur. 2d, Counties, Sec. 80, page 307. A city-county health district, one of whose members is a city, can ordain or adopt health and pollution rules so long as such ordinance is not "inconsistent with" the Texas Clean Air Act. Section 5.05 (a) (2), Texas Clean Air Act.

## S U M M A R Y

City-county health districts (Article 4447a, V.C.S.) are defined as local governments" under the Texas Clean Air Act and have legal authority to file suits in their own name to enforce the Texas Clean Air Act, or to enforce rules and regulations of Texas Clean Air Act, or to enforce rules and regulations of Texas Air Control Board. All duties of cities or counties to act through a "local government" to abate air pollution continue to exist even if enforcement is done through a city-county health district. Article V, Sec. 21, Texas Constitution. A health district or "local government" has the same power to ordain or adopt health pollution rules as a city if an incorporated city or town is a party to the agreement creating the health district.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Mr. Charles R. Barden, page 4, (M-616)

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Roland Allen
Houghton Brownlee
John Grace
John Banks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant