Smarr v. Kimed 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00323-CV







Jimmey Worth Smarr, Appellant



v.



Kimed Austin, Inc., Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 217,750, HONORABLE STEVE RUSSELL, JUDGE PRESIDING







PER CURIAM


 Appellant Jimmey Worth Smarr brings this appeal by writ of error from a default
judgment. Appellee Kimed Austin, Inc., sued Smarr, alleging a sworn account, breach of
contract, quantum meruit, and violation of the covenant of good faith and fair dealing. Kimed
also alleged that William Cannon Chiropractic Center, P.C., which had provided chiropractic
services to Smarr, assigned its rights against Smarr to Kimed. Following Smarr's failure to
answer, the trial court held a hearing and rendered judgment for Kimed. We will affirm the trial
court's judgment.

 In point of error one, Smarr contends that the record fails to show valid service on
him because the transcript contains only a citation marked "COPY" rather than the original. A
default judgment cannot withstand direct attack when the record does not affirmatively show that
the defendant was served in strict compliance with the applicable requirements. Wood v. Brown,
810 S.W.2d 799, 800 (Tex. 1991). Kimed was required to have Smarr served by delivering to
him "a true copy" of the citation. Tex. R. Civ. P. 106. The person executing citation on Smarr
was then required to endorse his return on either the citation or an attachment to it. Tex. R. Civ.
P. 107. Smarr does not allege that the copy of the citation in the record has been tampered with
or is inaccurate.

 No case or procedural rule requires the person serving citation to file the original
citation with the clerk's office after executing it. One commentator has even referred to "the copy
of the citation filed in court with the officer's return." 3 Texas Civil Practice § 11:14, at 29
(Diane M. Allen et al. eds., 1992 ed.). Because Rules 106 and 107 relate the particulars of
service and its return, but do not require the original citation to be filed, we conclude that the
copy of the citation in the record here conforms to the requirements. E.g., A.J. Hill Co. v. Tex-Tan, 235 S.W.2d 945, 947 (Tex. Civ. App.--Galveston 1951, writ dism'd). We overrule point
one.

 In his second point of error, Smarr complains that no evidence shows that William
Cannon Chiropractic Center, P.C., assigned its account to Kimed. The account attached to
Kimed's petition shows that the transactions sued on were between William Cannon Chiropractic
Center, P.C., and Smarr. Kimed pleaded in its petition that the rights of William Cannon
Chiropractic Center, P.C., were fully assigned to Kimed, which was the owner and holder of all
rights of William Cannon Chiropractic Center, P.C., as to Smarr, including the account set forth
in the attached exhibits. 

 Open accounts have long been subject to oral or written assignments, and an
assignee can sue in its own name. First Nat'l Bank v. Sheffield, 475 S.W.2d 820, 821 (Tex. Civ.
App.--Austin 1972, no writ). Smarr's failure to answer before judgment admitted all facts
properly pleaded by Kimed. Stoner v. Thompson, 578 S.W.2d 679, 684 (Tex. 1979). Kimed
properly pleaded that William Cannon Chiropractic Center, P.C., had assigned the account to
Kimed, and the fact of that assignment was accordingly admitted.

 Smarr also argues that the affidavit attached to the petition is not made by a party
to the suit, or the agent of a party, as Texas Rule of Civil Procedure 185 requires. Although
Kimed brought suit, the affidavit is sworn to by Sandra Johnson, as the office manager of William
Cannon Chiropractic. Kimed, however, properly alleged a cause of action for debt and alleged
liquidated damages of $5,394.62 in its petition. Smarr, by failing to answer, admitted these
properly pleaded allegations. Stoner, 578 S.W.2d at 684. In view of Smarr's default, we need
not address whether the affidavit was proper. We therefore overrule point two.

 In his third point of error, Smarr argues that no evidence supports the trial court's
finding that he breached his fiduciary duty of good faith and fair dealing. The trial court recited
in its judgment that Smarr withheld from Kimed $2,500 in personal injury protection payments
received from his insurer, that Smarr had previously assigned the payments to Kimed, and that
the withholding was an intentional violation of Smarr's fiduciary duty and covenant of good faith
and fair dealing.

 Kimed alleged in its petition that Smarr assigned to Kimed's assignor the insurance
benefits covering the services provided by the assignor and that Smarr refused to deliver those
benefits to Kimed or its assignor, thereby breaching his duty of good faith and fair dealing. See
Searle-Taylor Mach. Co. v. Brown Oil Tools, Inc., 512 S.W.2d 335, 337-38 (Tex. Civ.
App.--Houston [1st Dist.] 1974, writ ref'd n.r.e.). Smarr admitted these allegations by failing to
answer Kimed's petition. Stoner, 578 S.W.2d at 684. In any event, the trial court's judgment
can be sustained solely on the cause of action for debt. We therefore overrule point three.

 Smarr argues in point of error four that no evidence supports the trial court's award
of $2,500 in attorney's fees or the reasonableness and necessity of the award. Kimed pleaded that
it was necessary to hire an attorney, that it presented its claims to Smarr, and that its claims
remained unpaid for thirty days. Smarr's default admitted these factual allegations. Stoner, 578
S.W.2d at 684; Wall v. Wall, 630 S.W.2d 493, 497 (Tex. App.--Fort Worth 1982, writ ref'd
n.r.e.); see Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (West 1986).

 Although the amount of the fee was unliquidated, the trial court took judicial notice
of the case file and of the usual and customary fees in such cases as this. The court was
authorized to judicially notice these matters without receiving further evidence. Tex. Civ. Prac.
& Rem. Code Ann. § 38.004(1) (West 1986). Because this was a claim for a sworn account or
an oral or written contract, we presume that the usual and customary attorney's fees are
reasonable. Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001, .003 (West 1986). We conclude that
some evidence supports the trial court's award of attorney's fees and their reasonableness and
necessity, and we accordingly overrule point four. See Gill Sav. Ass'n v. Chair King, Inc., 797
S.W.2d 31, 32 (Tex. 1990).

 We affirm the trial court's judgment.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: June 21, 1995

Do Not Publish