### J. T. SMITHERS v. T. SMITH ET AL.

No. 1242.　Decided June 9, 1904.

**Jurisdiction of Supreme Court.**

　　Conflicting claims of plaintiff and defendant to the land in controversy as embraced within the limits of different surveys to which they respectively claim title present a question of boundary, in which the Supreme Court has no jurisdiction to grant writ of error. (Pp. 84, 85.)

Motion for rehearing of application for writ of error to the Court of Civil Appeals for the Second District.

Smithers sued Smith and Greer in trespass to try title, dismissed his case, and appealed from a judgment of recovery and quieting title, had on cross-action by the defendants against him. On affirmance he applied for writ of error, which being refused, he moved for a rehearing of his application.

*Kinder & Dalton* and *Hunter & Flood,* for applicant.

GAINES, CHIEF JUSTICE.—On a former day of this term an application for a writ of error in this case was refused, and a motion for a rehearing has been filed.

The suit was brought by the applicant for the writ against the defendants in the application to recover two sections of land numbered 91 and 27 respectively. The defendant Smith pleaded a general denial and not guilty, and also pleaded in reconvention as follows: "And the defendant T. Smith, for further answer in this behalf, comes now by his attorneys, and by way of cross-action says: That on the first day of January, 1900, he was lawfully seized and possessed of the tract of land hereinafter described, holding the same in fee simple, said land being situate in Floyd County, Texas. That on the day and year last aforesaid, plaintiff unlawfully entered upon said premises and ejected the defendant therefrom, and unlawfully withholds from the defendant the possession thereof, to his damage $450. That the premises so entered upon and unlawfully withheld from the defendant are described as follows: School section No. 28, in block G, issued to the T. & N. O. R. R. Co., containing 640 acres of land. Plaintiff has taken possession of said land, and now holds and claims the same by virtue of a superior title thereto, claiming their title by a supposed conflict in the tract of land as described in their petition with the land as hereinbefore described and owned by the defendant, and have in various ways, and on divers occasions, attempted to slander and cast a cloud of defendant's title to said land, as hereinbefore described, and the plaintiffs are claiming and holding out a superior title thereto. Whereupon, defendant T. Smith prays that the cloud be removed from his title, and that he be quieted in the possession thereto, and that upon final trial he have judgment for the restitution and possession of the above described premises, and for his damages and costs of suit." The defendant Greer pleaded in like manner; the only difference between his pleas and those of Smith was that he claimed title to section 90, and sought to recover that section by his cross-action. The plaintiff took a nonsuit, and the defendants went to trial upon their pleas in reconvention. The plaintiff not having answered their cross-actions, they obtained judgments in their favor—not, however, describing the lands claimed by them as described in their respective pleas, but adding thereto a minute description of the respective sections by metes and bounds. The Court of Civil Appeals affirmed the judgment in all respects save that they reformed it so as to describe the lands precisely as they were described in their respective answers. It was to reverse this action of the appellate court and to restore the judgment of the trial court' that this application for the writ of error was filed.

Upon a reconsideration of the case we have reached the conclusion that we erred in entertaining jurisdiction of the application. The plaintiff in his petition did not assert title to the lands respectively claimed by the defendants; nor did either of the defendants in his answer claim either of the sections sued for by the plaintiff. The

words, "Plaintiff has taken possession of said land, and now holds and claims the same by virtue of a superior title thereto, claiming their title by a supposed conflict in the tract of land as described in their petition with the land as hereinbefore described and owned by the defendant," clearly show that the case of each defendant was that he was the owner of the section claimed by him and that plaintiff was asserting claim to the whole, or some part thereof, by reason of a conflict in the boundaries of their respective surveys. It is evident, therefore, that this is a boundary case; and over boundary cases the judgments of the Courts of Civil Appeals are made by the statute final.

It may be that if we had jurisdiction of the case we would have to reverse the ruling made by us in refusing the writ. But having no jurisdiction we do not pass upon the question whether or not the Court of Civil Appeals correctly reformed the judgment of the District Court.

The motion for a rehearing is granted, the order refusing the application for the writ of error is set aside, and the application is now dismissed for want of jurisdiction.

*Application for writ of error dismissed for want of jurisdiction.*