## MOSAIC TEMPLARS OF AMERICA v. GAINES. (No. 2964.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 30, 1924.)

**1. Insurance ⬤⇒627(1) — Statutory mode of service must be strictly pursued.**

Whenever statutory mode of service of process is provided, such as that provided by Vernon's Sayles' Civ. St. 1914, art. 4844, for service upon foreign insurance companies, statute must be strictly pursued in order to confer jurisdiction.

**2. Insurance ⬤⇒627(2) — Process ⬤⇒134 — Service on foreign insurance company by delivery of single copy to commissioner of insurance held insufficient.**

Where process does not command sheriff to serve upon commissioner of insurance "duplicates," or two copies of writ, as well as of certified petition, in action against foreign insurance company, as required by Rev. St. art. 1844, construed in light of article 1857, and sheriff's return does not show such service, no jurisdiction was obtained of defendant so as to warrant default judgment, and this was not cured by statement of sheriff's cost fees for delivering two copies.

**3. Courts ⬤⇒64(2)—No legal authority to hold special term of county court.**

There is no legal authority to hold a "special term" of county court.

**4. Process ⬤⇒1—"Process" is notice to defendant to afford opportunity to be heard in court of competent jurisdiction.**

"Process" is not required for protection of plaintiff, but is notice for sole benefit of defendant to afford him opportunity to be heard on claim made against him in court of competent jurisdiction, and at regular term thereof, duly constituted by law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Process (in Practice).]

**5. Process ⬤⇒26—Summons directing defendant to appear at the next special term of county court, to be held on certain date, was void process.**

A summons directing defendant to appear "at the next special term" of county court to be held on a certain date, was void process, there being no authority for special term.

**6. Process ⬤⇒151—Defendant not bound to obey void summons.**

A defendant is not bound to obey a void summons.

**7. Judgment ⬤⇒17(9)—Trial at regular term would not render valid default judgment, where process was void because directing appearance at special term.**

Where process was void because directing defendant to appear at "special term" of county court to be held in December, fact that case was tried at following regular term of court would not avail as ground for not setting aside judgment by default.

Error from Titus County Court; Dan M. Cook, Judge.

Suit by Melvin Gaines against Mosaic Templars of America. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

The suit was by the defendant in error on a life insurance policy in which he was named as the beneficiary. The Mosaic Templars of America was alleged to be a fraternal benefit society incorporated under the laws of Arkansas and licensed to transact business in Texas. The suit was filed August 23, 1923, and citation was served, as prayed for in the petition, upon the commissioner of insurance of the state of Texas, at Austin. At the regular February term, 1924, of the county court, the case was regularly called for trial, and judgment by default was rendered against the Mosaic Templars of America for the amount of the policy sued for. The defendant had not appeared and filed any answer.

The point made on appeal is that the citation issued and served was legally insufficient to confer jurisdiction to render a judgment by default.

The face of the citation issued required the sheriff to summon "the Mosaic Templars of America, a fraternal benefit society, by and through its attorney in fact, the commissioner of insurance of the state of Texas, to be and appear before the honorable county court of Titus county, Texas, at the next special term thereof, to be held at the courthouse in Mt. Pleasant, Texas, on the third Monday in December, A. D. 1923, same being the 17th day of December, A. D. 1923, then and there to answer the plaintiff's petition filed in said court on the 29th day of August, A. D. 1923," etc. The citation further directed the sheriff to "deliver to said defendant, the Mosaic Templars of America, by and through its attorney in fact, the commissioner of insurance of the state of Texas, in person a true copy of this citation together with the accompanying certified copy of the plaintiff's petition." The sheriff's return on the citation shows that on December 5, 1923, he delivered to "the commissioner of insurance for the state of Texas, in person, a true copy of this citation together with the accompanying certified copy of the plaintiff's petition."

Geo. Prendergast and J. T. Casey, both of Marshall, for appellant.

I. N. Williams, of Mt. Pleasant, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The statute authorizes service of process upon the commissioner of insurance of the state of Texas, as the authorized agent of insurance companies licensed to do business in the state, and provides that service

of process upon the commissioner of insurance shall be sufficient service upon the insurance company. Article 4844, Vernon's Sayles' Rev. Civ. St. 1914. The statute expressly provides, besides other things, that "service * * * must be made in duplicate upon the commissioner of insurance," meaning, in the light of article 1857, that two copies, instead of one, of both the citation and the certified petition, shall be delivered to the commissioner of insurance. "Legal process," the particular article states, "shall not be served upon any such society except in the manner provided herein." It is mandatory. The commissioner is required to retain one of "the duplicate copies" served on him, and "forthwith forward by registered mail, one of the duplicate copies" to the defendant insurance company named in the process. This provision of the statute is reasonably designed to accomplish the end of giving full and sufficient notice to the insurance company of the pendency and nature of the suit, and a reasonable opportunity to appear and assert its right. Whenever a statutory mode of service of process of this character is provided, it is the invariable rule that the statute must be strictly pursued, and service must be had in accordance therewith in order to confer jurisdiction over the defendant to render a judgment in the case. The instant process does not command the sheriff to serve upon the commissioner of insurance "duplicates," or two copies of the writ as well as of the certified petition, and neither does the sheriff's return show such service. This was insufficient process and service, as much so as the failure to serve "both citation and copy of petition" as provided in article 1853. See King v. Goodson, 42 Tex. 152, Ins. Co. v. Milliken, 64 Tex. 46, et al. The fact that in the statement of the sheriff's cost fees for delivering two copies are charged does not cure the defect. Holliday v. Steele, 65 Tex. 388.

[3-7] The process directs the company to appear "at the next special term" of the county court, to be held on December 17, 1923. There is no legal authority to hold a "special term" of the county court. The commissioners' court is authorized to create more than four terms a year of the county court, but when so done the terms of the court legally become regular terms established by law, and not special terms called by the judge. If it were true as a fact that the commissioners' court had created and fixed a term of the county court beginning "on the third Monday in December," then, in such case, had the process omitted and not contained the word "special," the requirement of the statute would probably have been fulfilled. Cave v. City of Houston, 65 Tex. 619. But the misdescription as a "special term" is inconsistent with the real fact if it is so of a duly established regular term,

and operates to misinform and mislead the defendant cited in the process.

From the standpoint of the insurance company, viewed from a judgment by default, it could reasonably have concluded on reading the citation that "a special term," to which it was cited to appear, was one called or appointed for a particular purpose, separate and distinct from the regular term constituted by law, and therefore a void process. It is not apparently a clerical error. The recital of "a special term" was an official act of the clerk of the court, duly certified by him, and was an apparent official statement of a fact that the defendant could rely upon as true. Process is not required for the protection of the plaintiff, but is notice for the sole benefit of the defendant to afford him an opportunity to be heard on the claim made against him in a court of competent jurisdiction, and at a regular term thereof duly constituted by law. A defendant, under elementary rules of law, is not bound to obey a void summons. The fact that the case was tried at the following February term of the court would not avail as sufficient ground for not setting aside the judgment by default, since the defendant made no appearance, and filed no answer.

The judgment is reversed, and the cause remanded.