## WAGNER v. URBAN.

### No. 5537.

Court of Civil Appeals of Texas. Amarillo.

March 22, 1943.

Moss & Moss, of La Grange, for appellant.

M. F. Kieke and E. T. Simmang, both of Giddings, for appellee.

PITTS, Chief Justice.

This is an appeal from a judgment rendered in the District Court of Lee County in a certiorari proceeding properly granted to review a judgment of the County Court of Lee County admitting to probate the will of Maria Wagner, deceased, in which Andreas Wagner, a beneficiary under the will, is appellant and Ben Urban, individually, and as independent executor of the will, is appellee. The controversy is over the service and the return thereon had in the probate court upon which the judgment of said court admitted the will to probate.

The record discloses that Marie Wagner died on June 6, 1939; that Ben Urban, named executor in the will, filed application for probate of the will on July 17, 1939; that the county clerk issued service thereon the same day reciting that the application would be heard by the county court on July 31, 1939. The record further discloses that both the county clerk and the sheriff testified before the trial court to the effect that said county clerk posted the notice for the sheriff on July 17, 1939; that the sheriff went to the office of the county clerk on the morning of July 18, 1939 and signed the return on the copy of the citation the county clerk held for that purpose and that the said clerk had already filled out the return showing the citation "Came to hand on July 17, 1939 at 4:30 o'clock P. M. and was executed on July 27, 1939, by posting a copy of citation for ten days, exclusive of the day of posting, before the return day hereof at the courthouse door of Lee County, Texas"; that after the sheriff signed the return it was filed by the county clerk as of July 27, 1939, and placed in the shuck with the papers in the case; and that the will was admitted to probate and Ben Urban was named executor by judgment of the county court on July 31, 1939, upon the service as set out above.

The application of appellant for writ of certiorari was filed in the district court on July 24, 1941, attacking the service had in the probate court, alleging that the service and return in said court were not had in the manner and for the length of time required by law and alleging further that the judgment of the probate court was void and praying that the district court hear the application and order a correct procedure in the probate court. On October 15, 1941, and before the hearing on the application for a writ of certiorari, appellee, Ben Urban, filed a motion with the trial court admitting that through mistake and error "The return on said citation made by the sheriff and file mark thereon by the clerk indicates that said citation and notice was posted less than 10 days exclusive of the day of posting and return, but that said return does not speak the truth and is erroneous" and prayed that the trial court cause said return to be corrected so as to show the truth of the service. The record discloses that on October 16, 1941, John J. Burttschell, Sheriff of Lee County, presented to the trial court a similar motion under oath making the same admissions that appellee made and stating that the form of citation used was confusing, that the county clerk placed his file mark by mistake on the return before he (sheriff) intended for him to and that the notice was actually posted 12 days before the day of the trial and remained posted for at least 28 days and he also asked the court for permission to correct his return. The trial court heard both motions on October 31, 1941, and on November 8, 1941, entered an order authorizing the said sheriff of Lee County to correct the return on the citation by changing its date of execution from July 27, 1939, to July 17, 1939, and such change only was so made by said sheriff.

On April 30, 1942, the trial court heard the application for writ of certiorari without a jury when the sheriff's motion to amend, the trial court's order authorizing amendment of sheriff's return and the citation with both the original and the amended returns were all introduced in evidence. Both the sheriff and county clerk of Lee County testified, as recited above, that the said clerk actually prepared the citation and return and posted the notice on July 17, 1939, and that the sheriff knew nothing about the matter until the morning of July 18, 1939, when he signed the return in the clerk's office as recited above. The sheriff testified further

that he did examine the posted notice on July 18th and saw that the notice was posted before he signed the return and both the sheriff and clerk testified that they had previously had an understanding that the said clerk may post such notices for the sheriff in such cases and the sheriff would later make the necessary return. The trial court on the date of said trial entered judgment holding that the citation, service and return of the probate court were had in the manner and for the length of time required by law; that the probate court thereby acquired jurisdiction to probate the will in question and by judgment "affirmed and allowed to stand" the orders of the county court of Lee County admitting the will to probate and appointing Ben Urban independent executor, from which judgment this appeal was perfected to the Court of Civil Appeals of the Third Supreme Judicial District at Austin, Texas and by the Supreme Court of Texas transferred to this court.

■ The appellant contends in his assignments of error that the county clerk did not have authority to post the notice for the sheriff upon which the probate court admitted the will to probate and that said notice was not posted for 10 days exclusive of the date of posting, even according to the correction of return under the direction of the trial court; and he contends further that the trial court had no authority for ordering a correction of the service by the sheriff but the latter contention is overruled since article 2044 of Vernon's Ann.Civ.St. provides that "Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court," which rule is supported by the case of Lafleaur v. Switzer et al., Tex.Civ.App., 109 S.W.2d 239. However, the assignment of error challenging the sufficiency of the service after correction is sustained since the corrected return, together with the file mark, shows that the notice was posted less than 10 days exclusive of the date of posting. The law provides that such a notice must be· posted by the sheriff or constable of the proper county "for not less than ten (10) days before the return day thereof," Vernon's Ann.Civ.St. articles 3310a and 3311. · This rule is supported by the cases of Daniel Miller Co. v. Puett et al., Tex.Civ.App., 252· S.W. 333, and Charles J. O'Connor v. Robert J. Towns, 1 Tex. 107. We are, therefore, of the opinion that the trial court was

in error in holding that the return on the service had in the probate court was had for the length of time required by law.

But, in our opinion, the most serious question raised by appellant is the manner in which the service had and the posting of notice was, made in the probate court.

■ The object of a citation is to give the court proper jurisdiction and to notify the defendant or defendants that the suit is filed in order that such defendant or defendants may be heard in a court of competent jurisdiction. 33 Tex.Jur. 796, par. 4; Harris v. Gregory, Tex.Civ.App., 23 S.W. 2d 748; Smithers v. Smith, 98 Tex. 83, 81 S.W. 283, and Mosaic Templars of America v. Gaines, Tex.Civ.App., 265 S.W. 721.

■ Only sheriffs and constables or deputies of these officers are authorized to execute process such as was issued in the probate court in this case. Texas Vernon's Ann.Civ.St. articles 2025, 6873, 6885 and 6887; 33 Tex.Jur. 835, par. 32; Sanders v. City National Bank, Tex.Sup., 12 S.W. 110 and Turner v. Ephraim, Tex.Civ.App., 28 S.W.2d 608.

■ As against a defendant who has not submitted himself to the jurisdiction of the court there must be proper service had and a legal return by the officer who received it showing an account in writing of the manner in which he personally executed the return or process and that such was done in obedience to its direction. Article 2034, Vernon's Ann.Civ.St.; 33 Tex.Jur. 876, 877, par. 64, and page 882, par. 68, and page 886, par. 71; City of Dallas v. Crawford, Tex.Civ.App., 222 S.W. 305.

■■ The testimony of both the sheriff and the county clerk of Lee County in the trial court impeach the service and return made by the sheriff since they both testify and it is admitted that the said clerk actually posted the notice on the service had in the probate court. The appellee tries to justify the act by a claim that the sheriff saw the posted notice next day and thus ratified the act of the clerk, but the ratification of an illegal act by the sheriff does not correct it. Appellee also tries to justify the manner of the service upon the ground that it was a neighborly custom· of the county clerk as a fellow officer to post such notices for the sheriff but no such a custom substituted for law governing official acts can be recognized or condoned. Public officials are under bond and have taken an oath to perform their official duties accord-

ing to law and the law has wisely provided remuneration commensurate with the official duties required of them but a public official is not authorized to delegate his official duties to another, other than to a deputy, and the record discloses in this case that the county clerk who posted the notice was not a deputy under the sheriff and, in fact, he could not legally have been a deputy since the law prohibits him from holding two such positions.

■ Appellee raises the question that appellant alleged in his pleading that the citation was delivered to the sheriff who posted it and made his return thereon and that such pleading is conclusive against him and he should not be permitted to complain but we find that appellant also alleged that the service had and the return thereon were not made in the manner and for the length of time as required by law. It is our opinion that there was improper service had in the probate court and that the trial court should have so held. It is our further opinion that improper service is equivalent to no service, that the question becomes a jurisdictional question and that the error is fundamental error and the judgment rendered by the probate court was void, regardless of appellant's pleading.

This court held in the case of Godshalk v. Martin et ux., Tex.Civ.App., 200 S.W. 535, 536, that "If there was in fact no service, and sufficient proof is produced upon that issue, the judgment is void, whether or not plaintiff was guilty of fraud or collusion in procuring a false return. Without service the court acquires no jurisdiction of the defendant, and can render no decree affecting his rights."

In support of the above holding the case of Kempner et al. v. Jordan, 7 Tex.Civ. App. 275, 26 S.W. 870, is cited in which a writ of error was refused by the Supreme Court. Also, we cite 33 Tex.Jur. 892, par. 77, and the same text, Vol. 25, page 628, par. 216.

For the errors pointed out above, the judgment of the trial court is reversed and judgment is here rendered that the orders of the probate court of Lee County admitting the will of Maria Wagner, deceased, to probate and appointing Ben Urban as independent executor be vacated and set aside and the district court is ordered to certify this judgment to the probate court for observance.