Richard ELLISON et al., Contestants,

v.

Marvin PATTON, Proponent.

No. 6678.

Court of Civil Appeals of Texas.
Amarillo.

May 27, 1957.

Rehearing Denied June 24, 1957.

J. Farris Fish, Matador, H. A. C. Brummett, Floydada, Camp & Camp, Cameron, for appellants.

Howard Traweek, John A. Hamilton, G. E. Hamilton, Matador, W. N. Segrest, Waco, Ratliff, Conner & Walker, Spur, for appellee.

PITTS, Chief Justice.

This is an appeal from a judgment admitting a will to probate upon a jury verdict after the same had been previously admitted to probate in the county court and an appeal perfected. Proponent, Marvin Patton, as a beneficiary and independent executor of the will of Mrs. Pattie Moore, deceased, sought by application to have the said will admitted to probate while contestants, Richard Ellison and several other named heirs of testatrix, contested the said application on the alleged grounds of testamentary incapacity of testatrix and undue influence but apparently abandoned their charge of undue influence and the case was submitted to a jury upon the single issue of testamentary capacity. The jury found that testatrix had testamentary capacity to execute the will and judgment was accordingly rendered, from which contestants perfected an appeal and seek a reversal on the sole alleged grounds of insufficient service had and improper argument made before the jury. The record reveals that the will in question was duly executed on November 3, 1948, and testatrix died thereafter on November 22, 1955.

Contestants charge that the trial court was without jurisdiction because of proponent's failure to have proper citation issued and served as required by law in that the citation served used the word "required" in lieu of the word "cite" and used the word "choose" in lieu of the word "desire." Proponent concedes that Article 3333, V.A.T.C.S., V.A.T.S.ProbateCode, § 128, provides that in order to give a court jurisdiction to probate a will upon application made therefor citation must issue and be served and that Section 4 of the said Article provides that "It shall *cite* all persons interested in the estate to appear at the time therein named and contest said application, should they *desire* to do so" (emphasis ours) and he further concedes that the citation issued in the case at bar provided that all persons interested in the said estate were *"required* to appear by filing a written answer and contest such application should they *choose* to do so." But proponent contends that the citation issued and served substantially complied with the provisions of the statute and he further contends, and the record reveals, that contestants were not in any way misled by the citation issued and served and that they did answer and appear and contest the application without moving to quash the citation or raising any question about faulty service until they filed a motion for a new trial in the district court after a jury verdict had been returned and

a judgment thereon had been rendered against them. In their brief filed in this Court, contestants assert that "Whether or not any one was mislead by the citation is not the issue" but they insist that the purported citation issued and served was fatal and void because of the use of the "words 'required' and 'choose', while the statute requires that the citation shall use the words 'cite' and 'desire.'"

It is our opinion that the complaint of contestants made about improper service is not well taken since the service had is sufficient to substantially comply with the requirements of the law. In determining the meaning of words such as are here involved it is often proper to consult a well recognized dictionary for definitions, yet the inquiry is not always as to the abstract meanings but is often as to the sense in which such words are used, in which event the particular meaning of each word depends upon and must be determined by the context and the subject matter involved. 39 Tex.Jur. 196, Sec. 104. Contestants cite in support of their contentions made the case by this Court of Wagner v. Urban, 170 S.W.2d 270, 272. This Court there said in part:

"The object of a citation is to give the court proper jurisdiction and to notify the defendant or defendants that the suit is filed in order that such defendant or defendants may be heard in a court of competent jurisdiction. 33 Tex.Jur. 796, par. 4; Harris v. Gregory, Tex.Civ.App., 23 S.W.2d 748; Smithers v. Smith, 98 Tex. 83, 81 S.W. 283, and Mosaic Templars of America v. Gaines, Tex.Civ.App., 265 S.W. 721."

While this Court there held that a sheriff is not authorized to delegate his official duty or authority to a clerk of the court to post notices of service, we find nothing in that opinion to invalidate the service here in question. It appears that all parties who wanted to be heard in the case at bar appeared and were heard. It is our opinion that the service had in the case at bar was sufficient to meet the requirements of the statute. In any event it has been held that complaining parties who have come into court, answered and invoked the powers of the court, as contestants have done in the case at bar, have thereby waived any and all complaints about the manner or kind of service had and are estopped to claim that the court was without jurisdiction. Heavey v. Castles, Tex.Civ.App., 12 S.W.2d 615 (writ refused).

Ruby Jordan who, joined by her husband, J. H. Jordan, sought to intervene in the case long after the case had been tried, a jury verdict returned and judgment rendered thereon, did not claim or contend that she did not have notice or that she was misled in any way by the service of citation had, which we believe to be valid as to her also, even if she should be recognized as a proper party to the suit.

Contestants charge that the trial court erred in its refusal to sustain their motion to declare a mistrial because of improper argument of counsel for proponent in his closing argument made to the jury in which he allegedly told the jury the effect of its answer to the only issue (on testamentary capacity) submitted to it, the said argument complained about in contestants' motion being as follows:

"Aunt Pattie thought enough of how she wanted her property to be disposed of that she began back there in 1935, right after Uncle Billy died, and she found out that she had gotten it all under the law, and she told John Hamilton, 'If I die without a will my blood relatives will get the property and I don't want it that way.' So she made this will so that it wouldn't go that way and she kept that will in effect until the day of her death, and if you set aside this will by saying that she didn't have testamentary capacity you see what you are doing to that good lady and all of her planning and thinking about her property."

When opposing counsel objected to the argument, the trial court instructed the jury not to consider any argument that would tend to show the jury the effect of any answer it may make to the issue. In overruling the motion for a mistrial by order entered, which amounts to a bill of exception although not so designated, the trial court qualified the complaint by asserting that the motion was overruled in part because "the witness, John Hamilton, was permitted, without objection, to testify to the very facts objected to by contestants in this bill, and for the further reason that the court considers the argument was made in reply to previous argument of counsel for contestants." The record does not disclose any exception or complaint made by contestants about the trial court's qualification to the said bill filed and relied upon by contestants. Contestants are therefore bound by the qualified order of the court which constituted the said bill. Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938. Under the record presented, this Court is bound by the bill filed as qualified by the trial court. Self v. Becker, Tex.Civ.App., 195 S.W.2d 701; Bowman v. Bridges, Tex.Civ.App., 220 S.W.2d 512; Tucker v. Slovacek, Tex.Civ. App., 234 S.W.2d 254. Since it appears from the qualified bill that the trial court instructed the jury not to consider any argument of counsel that would tend to reveal the effect of the jury's answer to any issue, since it appears also from the qualified bill that the argument complained about was a fair reply to previous argument made by opposing counsel, and since it appears from the record and from previous authorities cited applicable thereto that contestants and this Court are bound by the qualified bill, no error has been shown. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816.

In any event the controlling issue was the question of testamentary capacity of testatrix. Contestants pleaded that the said will was not that of testatrix, since she did not have testamentary capacity to execute it, and prayed that probate of it be in all things denied and such pleadings were read to the jury. Much evidence was heard on the question of testamentary capacity of testatrix and the trial court defined that term to the jury in the usual manner. Because of these matters heard before the jury it would seem obvious that reasonably intelligent jurors would easily analyze and understand that the controlling issue was whether or not testatrix had sufficient mental capacity to execute the will in question and that the outcome of the suit depended upon the jury's answer to such an issue. Assuming that counsel for proponent did in his argument inform the jury the effect of its answer, he did not tell them any more than what they as reasonably intelligent people already knew, in which event it has often been held that such does not constitute reversible error. Burrow v. Davis, Tex.Civ.App., 226 S.W.2d 199; Barksdale v. Dobbins, Tex.Civ.App., 141 S.W.2d 1035; 41-B Tex.Jur. 762, Sec. 561.

Without any objections having been made by contestants or their counsel at the time, counsel for proponent in his closing argument to the jury said in part:

"I make no apologies to anybody for representing Marvin Patton and this good man, Charlie Parks, here and the Moore family and the Methodist Orphans Home, *and not only that, but all of the aged people of this State who are going to make wills in times to come, and who may perhaps have to face this same situation unless we put a stop to it. Those are the people that I speak for here today.*" (Emphasis ours.)

In their motion for a new trial contestants complained for the first time only about that part of the argument italicized above, charging that such was so prejudicial and inflammatory as to constitute reversible error.

It has been held that unless an argument is so highly inflammatory and

prejudicial that to withdraw it or an instruction from the trial court not to consider it would not remove the same from the consideration of the jury, a failure of the complaining party to object to such argument at the time it was made and to request the trial court to so instruct the jury and to move for a mistrial, constitutes a waiver of any error that may have been made and that upon appeal the case will not be reversed because of such argument. Ramirez v. Acker, 134 Tex. 647, 138 S.W. 2d 1054; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855. It is our opinion that, in any event, the error, if any, could and would have been rendered harmless if contestants had objected at the time argument was made and given counsel for proponent and the trial court an opportunity to withdraw it or to have had the jury instructed not to consider it. Under the state of the record the argument of counsel was not so inflammatory or prejudicial as to cause a reversible error and none has been shown. Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197. For the reasons stated complaints here made by contestants are overruled.

■ Contestants further complain about a part of the closing argument made to the jury by proponent's counsel, which argument was not objected to by contestants or their counsel at the time such was made. As a basis for considering this complaint, we may observe that the statement of facts is voluminous, containing more than 900 pages with many exhibits introduced and the testimony of about 40 witnesses heard with them being about equally divided between the two parties. Among the witnesses heard was the testimony of Hon. John A. Hamilton, an attorney at law, who represented testatrix during her lifetime and helped her to draw several previous wills before he drew for her the will here involved. Counsel for proponent was discussing in his closing argument the testimony of John Hamilton when he said:

"And, he told you from that witness stand the God Almighty's truth and you know that he did about how that will was prepared. And, why Aunt Pattie started in telling him back there in 1935, right after Uncle Billy's death, she told him then how she wanted her property to go. Just exactly like it is in this will today except for the changes that she made with reference to Mr. Fulfer and the two ladies with reference to the automobile. John Hamilton spoke the truth from that witness stand and you know he did, when he told you that Aunt Pattie started in back there in '35 to tell him how she wanted her property to go. *Was she of testamentary capacity at that time? They offer no proof on it. Was she of testamentary capacity when she changed it a few years later? They offer no proof on it. Was she of testamentary capacity a few years after that when she changed it still a third time in her own handwriting? They offer no proof to the contrary.* Since 1935 Aunt Pattie Moore has wanted her property to go just exactly like it is in this will right here that we are offering for probate." (Emphasis ours.)

Contestants charge that the portion of the argument italicized constituted prejudicial error because it was an indirect reference to the failure of two contestants as witnesses to testify about the testamentary incapacity of testatrix when they were in fact prohibited from doing so because of "The Dead Man's Statute" (Article 3716). It will be observed that the complaint made concerned argument of counsel about the time testatrix made previous wills and not about the will offered for probate.

Contestants, Mrs. Ira L. Burns and Mrs. Marianna McCauley, both testified and "The Dead Man's Statute" was invoked to prevent them from testifying about other matters and relations with testatrix but we have failed to find where either of them offered or sought to testify about

the testamentary capacity or incapacity of testatrix and contestants have not pointed out to us any such attempts, although many other witnesses did testify concerning such issue and many of them, including John Hamilton, testified that testatrix did have testamentary capacity. In view of the testimony given by many of contestants' witnesses, we do not think the argument of counsel making a general reference to the lack of proof in support of contestants' claims made should be considered a direct or indirect reference to the failure of the two contestants to testify about the testamentary incapacity of testatrix.

Certainly counsel did not go as far with his argument in this case as counsel did in a similar situation where counsel, over the objections of his adversary, referred directly to the "sealed lips" of the witnesses in question, yet the Supreme Court there held that because of the provisions of Rules 434 and 503, Texas Rules of Civil Procedure, such did not constitute reversible error. Lehmann v. Krahl, Tex., 285 S.W.2d 179, 182. The court there sustained proponents and said in part:

"While the instant argument, like most any other argumental reference to Art. 3716, was error and should have been so treated by the trial judge, we cannot say, especially upon the record as a whole, that it probably caused a different verdict than would otherwise have been rendered. See Rules 434 and 503, Texas Rules of Civil Procedure; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Texas Employers' Insurance Ass'n v. Poe, 152 Tex. 18, 253 S.W.2d 645; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Lumbermen's Lloyds v. Loper, 153 Tex. [404], 269 S.W.2d 367; and similar cases."

In any event no objections having been made to the latter argument of proponent's counsel at the time it was made, we think the authorities previously cited overruling other complaints made by contestants about other argument made by proponent's counsel without objections being made at the time are likewise controlling in this instance since the latter argument does not seem to have been so prejudicial or inflammatory that it could not have been rendered harmless by instructions of the trial court or withdrawal of the same by proponent's counsel if an objection had been made at the time by contestants.

In conclusion contestants charge that if no single one of their complaints constituted reversible error the cumulative effect of all of them constitute reversible error. But we do not so find. In a case such as this it is not sufficient for the complaining party to merely show error was committed. Before any error may be made the basis of reversing a trial court's judgment in such a case, a reviewing court must be satisfied, after examining the record as a whole, that the alleged errors complained about were reasonably calculated to cause, and probably did cause, the rendition of an improper judgment by influencing the jury to return a verdict that it probably would not otherwise have returned. Rules 434 and 503; Walker v. Texas Employers' Ins. Ass'n, Tex., 291 S.W.2d 298; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Hassell v. Pruner, Tex.Civ.App., 286 S.W.2d 266, 275. Assuming that errors were committed as charged by contestants, it is our opinion, after examining the record as a whole, that contestants have failed to discharge the burden of showing that except for the alleged errors committed the jury would probably have rendered a different verdict by finding that testatrix did not have testamentary capacity and such seems especially true since the overwhelming weight of the evidence supports the jury finding to the contrary.

Contestants' points are therefore all overruled and the judgment of the trial court is affirmed.

CHAPMAN, J., not participating.