Vivian Rhea NEWSOME, Appellant,

v.

B. B. CARPENTER, Jr., Independent Executor, Appellee.

No. 16403.

Court of Civil Appeals of Texas.

Dallas.

July 24, 1964.

Rehearing Denied Sept. 25, 1964.

Moses & Truett, McKinney, for appellant.

J. E. Abernathy, McKinney, Stark & Davey, Gainsville, and Harvey L. Davis, Dallas, for appellee.

WILLIAMS, Justice.

This is an appeal from a judgment of the District Court of Collin County, Texas admitting to probate the last will and testament of Capitola Barnett, deceased. On June 18, 1963 B. B. Carpenter, Jr. filed application in the County Court of Collin County, Texas to probate the last will and testament of Capitola Barnett, deceased, said will being dated May 27, 1955 and the codicil thereto being dated March 3, 1956. The application recited that Capitola Barnett died in Collin County on May 3, 1963 at the age of ninety-six years. Thereafter on May 6, 1963 the County Clerk of Collin County issued notice in probate, the pertinent portions of said notice and citation reading as follows:

"THE STATE OF TEXAS

"County of Collin

"To Any Sheriff or Any Constable Within the State of Texas, Greeting:

"YOU ARE HEREBY COMMANDED to cause to be posted for not less than ten days, exclusive of the day of posting, before the return day hereof, at the Court House door of said County or at the place in or near the Court House where public notices are customarily posted, a copy of the following citation:

"THE STATE OF TEXAS

"To all persons interested in the Estate of Capitola Barnett deceased:

"B. B. Carpenter, Jr. has on 6th day of May, A. D. 1963, filed in the County or Probate Court of Collin County, Texas, an application for the Probate of the last Will and Testa-

ment of said Capitola, deceased, and for Letters Testamentary, being cause No. 7216 in said Court, which application will be heard, considered, and acted upon by the Court at 10:00 o'clock, a. m., on Monday, the 20th day of May, A. D. 1963, at the Court House of said County, in McKinney, Texas, at which time and place all persons interested in said Estate shall appear and contest said application by filing opposition thereto in writing, should they desire to do so."

The sheriff's return on said citation states:

"Came to hand on the 6th day of May A. D. 1963, at 4:30 o'clock P.M., and executed on the 6th day of May A. D. 1963, at 4:30 o'clock P.M., by posting a copy of the within citation at the Court House door of Collin County or at the place in or near the Court House where public notices are customarily posted as herein directed."

On June 18, 1963 Joe M. Barnett and Ava Miller filed their contest in the County Court of Collin County, Texas, wherein they opposed the application to probate said will on the grounds that the decedent was of unsound mind and also that the will was the product of undue influence. Prior to the hearing certain other contestants, not including appellant Vivian Rhea Newsome, entered their appearance, joining Joe M. Barnett and Ava Miller in the contest of the application for probate. Following a hearing the County Court of Collin County overruled the contest of the application and admitted the last will and testament, together with its codicil, to probate. From this order the named contestants gave notice of appeal to the District Court of Collin County. However, only Joe Barnett and Ava Miller perfected their appeal to the district court by executing an appeal bond.

Thereafter, after the case reached the district court, Vivian Rhea Newsome filed an application to intervene as contestant, representing herself to be an heir at law of Capitola Barnett and further stating that the other contestants were abandoning their contest of said application. The district court granted the application of Vivian Rhea Newsome to intervene and she thereupon filed her plea to the jurisdiction and plea in abatement, both being based upon her contention that the County Court of Collin County was without jurisdiction to enter the order of probate for the reason that citation issued by the county clerk was fatally defective and void and therefore any order issued by the county court based upon such void citation was of no force and effect. Subject to her plea to the jurisdiction and plea in abatement, intervenor contested the application for probate on the grounds that the decedent was of unsound mind and also acting under undue influence at the time she executed the will and codicil sought to be probated. The court overruled the plea to the jurisdiction and plea in abatement and proceeded on November 4, 1963 to try the matter in a *de novo* hearing. At this trial Vivian Rhea Newsome was the only contestant, the remaining contestants failing to appear and prosecute their appeal. Following the nonjury hearing the district judge admitted to probate the last will and testament, and codicil thereto, of Capitola Barnett, deceased and referred same back to the County Court of Collin County for further proceeding. From this judgment Vivian Rhea Newsome appeals contending, in two points of error, that the judgment should be reversed because (1) the citation in probate was fatally defective, and (2) the proof of will was inadequate and insufficient. We find both points to be without merit and affirm the judgment of the trial court.

■ Appellant's first point is overruled for two reasons. First, appellant has waived any possible complaint relating to the citation by not only entering her appearance in the district court but affirmatively invoking the jurisdiction of the court by contesting the will. The trial in the

district court was *de novo* and the jurisdiction of the district court was as comprehensive as that possessed by the county court in the first instance. In re Ramon's Estate, Tex.Com.App., 42 S.W.2d 1010. The same question was presented in Ellison v. Patton, Tex.Civ.App., 303 S.W.2d 855, err. ref., and the court said that complaining parties who have come into court, answered and invoked the powers of the court, as contestants, thereby waived any and all complaints about the manner or kind of service had and are estopped to claim that the court was without jurisdiction. Section 35 of the Texas Probate Code, V.A.T.S. is explicit in its terms relating to waiver: "Any person who submits to the jurisdiction of the court in any hearing shall be deemed to have waived notice thereof."

■ Secondly, in answer to appellant's contention that citation in this character of proceeding is not a matter personal to any one individual, but is of a public nature and therefore any possible waiver of appellant would have no effect upon the validity of the citation, we hold that the notice in probate and citation in this case is in substantial compliance with the provisions of the Probate Code and is not therefore fatally defective. Sec. 128(a) of the Probate Code of Texas provides that citation with respect to application for probate of a will shall be served by posting and shall state: (1) that such application has been filed, and the nature of it; (2) the name of the deceased and of the applicant; (3) the time when such application will be acted upon; and (4) that all persons interested in the estate should appear at the time named therein and contest said application, should they desire to do so.

The citation in this case states that notice is given to all persons interested in the Estate of Capitola Barnett, deceased, that B. B. Carpenter, Jr. has filed in the County or Probate Court of Collin County an application for the probate of the last will and testament of said "Capitola", deceased, and requested letters testamentary, giving the style and number of the pending application in the county court, and stating the exact time and place when such application will be heard. It invites any persons interested in "said estate" to appear and contest said application should they desire to do so. The only possible technical defect in this notice is the fact that the word "Barnett" is omitted in one place but since the full name of the decedent is given immediately above we cannot conceive how anyone would be misled or deceived by such omission. Not only is the full name of the decedent spelled out but the style and number of the proceedings is given to which any interested party may refer for a complete revelation of the contents and terms of the application.

■ Appellant contends that the words "last will and testament" are not sufficient to give notice that both the will and codicil are to be offered for probate. This is not a valid objection in that the law is well settled that a properly executed codicil has the effect of validating and republishing the prior will so that the will and codicil will then be considered as one instrument speaking from the date of the codicil. Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731, 735; Everett v. Everett, Tex.Civ.App., 309 S.W.2d 893; and Wade v. Sherrod, Tex.Civ.App., 342 S.W.2d 17.

■ Neither is there any merit to appellant's complaint concerning the sheriff's return on the citation. The posting of the notice as described in the sheriff's return follows the exact words of Sec. 33(f) (2) of the Probate Code of Texas relating to the method of serving citations by posting, and also Sec. 33(h) of the Probate Code relating to the sheriff's return on such citation. We hold that the sheriff's return was in substantial compliance with the provisions of the code. Shaffer v. Luby's Estate, Tex.Civ.App., 297 S.W. 582.

**354**

Appellant's second point complaining of lack of proof of the will and codicil is likewise without merit. The record reveals that in the county court Frank Beverly, one of the subscribing witnesses to the will dated May 27, 1955 testified that he witnessed the signing of said will by Capitola Barnett on that date and that she was "over the age of nineteen years." He also testified that he witnessed the signing of the codicil of the will on March 3, 1956 and that on said date Capitola Barnett was over the age of nineteen years. Wallace Hughston, the other subscribing witness, was deceased at the time of the hearing. On the trial of the case, *de novo*, in the district court, Beverly testified that both on May 27, 1955, the date of signing of the will, and on March 3, 1956, the date of signing of the codicil, that Capitola Barnett was over the age of twenty-one years.

Appellant correctly states that at the time of the execution of the original will, May 27, 1955, the law provided that a person must be over twenty-one years of age to execute a will. It is also true that on March 3, 1956, at the time of the signing of the codicil to the will, the law had been changed so as to permit a person over nineteen years of age to execute a will (Sec. 57, Probate Code). As stated above, the legal effect of a properly executed codicil is to validate and republish the prior will, and the will and codicil are to be regarded as one instrument, speaking from the date of the codicil. We therefore hold that the proof of the codicil met the requirements of the law relative to proof of age of a qualified person to execute a will. Hinson v. Hinson, 154 Tex. 561, 280 S.W. 2d 731, 735; and Wade v. Sherrod, Tex. Civ.App., 342 S.W.2d 17, err.ref. n.r.e It has been well established that there is no hard and fast rule relating to the character or quantum of proof required to establish the proper execution of a will. Massey v. Allen, Tex.Com.App., 248 S.W. 1067. See also the opinion of this court in Bryant v. Hamlin, Tex.Civ.App., 373 S.W.2d 837.

We find adequate proof in this record concerning the proper execution of the will, as it satisfied the county court and district court, as reflected in the judgments of those courts finding that the will and codicil had been properly executed.

The judgment of the trial court is

Affirmed.