**David H. HILBURN, Petitioner,**

v.

**John W. JENNINGS, et al.,**
**Respondents.**

**No. C–4240.**

Supreme Court of Texas.

Oct. 9, 1985.

Rehearing Denied Nov. 13, 1985.

Kennedy, Minshew, Campbell, Cain and Seidlits, Jack G. Kennedy, Sherman, for petitioner.

Henderson, Bryant and Wolfe, John B. Kyle, Sherman, for respondents.

PER CURIAM.

This appeal is from an order of the trial court admitting a will to probate. The court of appeals reversed and rendered judgment that the trial court lacked jurisdiction because the proponent of the will, David H. Hilburn, failed to timely procure issuance of citation. 690 S.W.2d 298. Pursuant to Rule 483, Tex.R.Civ.P., we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Joe N. Hilburn executed the will in question on September 29, 1970, leaving David H. Hilburn, his nephew, an interest in his estate. In September of 1972, Joe N. Hilburn executed a power of attorney to his wife, Johnnie Hilburn. On May 1, 1973, Joe N. Hilburn executed another will which did not bequeath any interest to David H. Hilburn. In late 1973, pursuant to the power of attorney, Johnnie Hilburn created a trust into which she placed all of Joe N. Hilburn's property. Joe N. Hilburn died on September 1, 1974.

In December, 1974, David H. Hilburn sued Johnnie Hilburn in district court to set aside the trust. Later, on March 7, 1975, David H. Hilburn filed an application for probate of the 1970 will in the county court of Grayson County, Texas. By agreement of all parties, the suit contesting the trust was consolidated with David H. Hilburn's application for probate. Johnnie Hilburn then filed a contest to such application. No citation was issued on the application for probate.

In June, 1979, Johnnie Hilburn filed a motion for summary judgment and plea to the jurisdiction which alleged that because no citation of probate application had been issued by the clerk's office as of June 14, 1979, four years and nine months after the testator's death, David H. Hilburn failed to comply with the Texas Probate Code. Upon receiving notice that citation had not been posted, David H. Hilburn had citation issued on June 15, 1979. The trial court then overruled the motion for summary judgment and plea to the jurisdiction. After the death of Johnnie Hilburn, David H. Hilburn amended his petition to include Johnnie's heirs, John W. Jennings, John W. Jennings II, Stephen R. Jennings, Jan Jen-

nings Sechrist, and J.W. Hiester, and served each with citation.

The consolidated causes were severed on January 25, 1983, and the application for probate was tried to a jury. In answer to the sole issue presented to them, the jury found that Joe N. Hilburn lacked testamentary capacity to execute the 1973 will. In rendering judgment for David H. Hilburn, the trial court made the following additional findings: (1) the court had jurisdiction to receive an application for probate; (2) notice and citation were given in the manner and for the length of time required by law; and (3) four years had not elapsed from the date of testator's death until the filing of this application for probate. On the basis of these findings, the trial court admitted the 1970 will of Joe N. Hilburn to probate. The court of appeals reversed and rendered judgment concluding that the trial court lacked jurisdiction to admit the will to probate since the record conclusively established that the proponent of the will, David H. Hilburn, failed to timely procure issuance of citation.

The court of appeals concluded that since citation in a probate matter is not personal in nature, Jennings and the others did not waive it by appearing and filing a contest to David H. Hilburn's application for probate. This conclusion conflicts with previous decisions which hold that complaining parties who invoked the powers of the court, as contestants have done in this case, are estopped to claim that the court was without jurisdiction. *Ellison v. Patton,* 303 S.W.2d 855, 857 (Tex.Civ.App.— Amarillo 1957, writ ref'd); *Heavey v. Castles,* 12 S.W.2d 615, 616–17 (Tex.Civ.App.— Eastland 1928, writ ref'd). We hold that Jennings and the others waived any complaints regarding issuance of citation by appearing and filing a contest to David H. Hilburn's application for probate and are estopped to claim that the trial court was without jurisdiction.

Accordingly, pursuant to Tex.R.Civ.P. 483, and *Thompson v. Gibbs,* 150 Tex. 315, 240 S.W.2d 287, 288 (1951), and without hearing oral argument, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.