

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00448-CV

**IN RE D&J ALEXANDER MANAGEMENT, LP**

Original Mandamus Proceeding[1]

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  September 24, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On June 23, 2014, relator D&J Alexander Management, LP filed a petition for writ of mandamus, complaining of several orders requiring it to pay the appointed guardian ad litem and attorney ad litem fees in the underlying probate proceeding. We conclude the trial court lacked the authority to order relator to pay the specified fees in a case to which relator was not a party. Therefore, we conditionally grant mandamus relief in part.

## BACKGROUND

The procedural posture of the underlying proceedings is complex. The parties to this mandamus proceeding are involved in two related but separate proceedings, both of which are

---

[1] This proceeding arises out of Cause No. 2008-PB7-000016-L2, styled *Estate of Delfina E. Alexander, Deceased; and Rocio G. Guerra v. Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa, Individually, and as Independent Co-Executors of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustees of the Rocio Gonzalez Guerra Exempt Trust*, pending in the County Court at Law No. 2, Webb County, Texas, the Honorable Jesus Garza presiding.

pending in County Court at Law No. 2, Webb County, Texas. The first case, in Cause No. 2008-PB7-000016L2, styled *Estate of Delfina E. Alexander, Deceased; and Rocio G. Guerra v. Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa, Individually, and as Independent Co-Executors of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustees of the Rocio Gonzalez Guerra Exempt Trust*, involves an adversary proceeding filed in a 2008 probate case. This will be referred to as the "Guerra Case."[2] The second proceeding, in Cause No. 2013-PBA-0001331-L2, styled *Raymond S. DeLeon II, Trustee of the Delfina & Josefina Alexander Family Trust v. Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa, Individually and in Their Representative Capacities as Co-Trustees of the Rocio Gonzalez Guerra Exempt Trust, and Co-Attorneys-In-Fact for Josefina Gonzalez; Josefina Alexander Gonzalez; Delfina E. and Josefina Alexander LLC-1; D&J Alexander Management, LP; Alexander Residential Development, LP; Alexander Retail Development, LP; Alexander Construction, LP; and Delfina and Josefina Alexander Family Limited Partnership*, will be referred to as the "DeLeon Case."

On January 7, 2014, the trial court entered three separate orders appointing ad litems. Julio Garcia was appointed attorney ad litem to represent the interests of a minor in the Guerra Case, and Jose Salvador Tellez was appointed guardian ad litem to represent the interests of two other minors in the Guerra Case. The third order bears the style of both the Guerra Case and the DeLeon Case and appoints J. Francisco Tamez attorney ad litem for a minor child. In March 2014, Tamez filed a claim for payment of ad litem fees and reimbursable costs in the Guerra Case with an attached affidavit and itemized fee statement.

---

[2] Although D&J was at one time a defendant in the Guerra Case, the plaintiffs dropped D&J as a named defendant in an amended petition filed in September 2013.

The mandamus record reflects that a hearing was conducted on March 27, 2014, in the Guerra Case. At this hearing, there was discussion between the court and various lawyers regarding the procedure for requests and payment of ad litem fees on an on-going basis. Tamez's application for payment of his fees is acknowledged on the record, as is the fact that Tellez and Garcia had not yet filed applications or requests for payment, or provided any fee statements. No witnesses testified and no evidence was admitted at the hearing. The reporter's record reflects that at least eleven lawyers were present in the courtroom at the time of the hearing, though not all of them participated. Rosaura Tijerina, who is identified in the record as counsel for D&J Alexander Management, LP and several other entities, was present at the hearing, but did not participate. The court did not enter any oral or written orders at the hearing, indicating only that a ruling would be forthcoming.

Tamez filed an amended claim for payment of his fees a few days after the March 27 hearing, which was filed under both the Guerra and DeLeon Case cause numbers. Garcia and Tellez each filed applications for payment of their fees in the Guerra Case. Garcia's application was filed on April 2 and Tellez's on May 30. Each included an attached affidavit and statement reflecting the hours submitted for payment. The mandamus record does not reflect any further hearing on the subject of the ad litem fee applications.

The trial court signed four separate orders authorizing payment of ad litem fees on May 30, 2014. These orders are summarized below:

|   | Appointed Attorney | Amount of Fees | Obligor | Case | Deadline to Pay |
|---|---|---|---|---|---|
| 1 | Garcia | $35,250.00 | D&J Alexander Management, LP | Guerra Case | 5 days from date of order |
| 2 | Tellez | $33,060.00 | "from funds belonging to the Trust" | Guerra Case | 30 days from date of order |
| 3 | Tamez | $39,472.94 | D&J Alexander Management, LP | Guerra and DeLeon Cases | 5 days from date of order |
| 4 | Garcia, Tamez and Tellez "Combined Order" | $35,250.00 $39,472.94 $33,060.00 (respectively) | The Estate of Delfina E. Alexander or, absent sufficient funds, D&J Alexander Management, LP | Guerra and DeLeon Cases | 7 days from the date of order |

In a separate order signed June 4, 2014, the trial court granted the plaintiff's application for temporary injunction in the Guerra Case. In this order, in addition to making findings and granting injunctive and other relief, the trial court states, "The Court has also approved the initial ad litem fees and Court Master fees. All fees are to be paid no later than Wednesday, June 25, 2014."

D&J Alexander Management, LP filed this petition for writ of mandamus challenging all five orders to the extent that the trial court obligates it to pay the interim attorney ad litem and guardian ad litem fees of Garcia, Tellez and Tamez.

### ANALYSIS

In this mandamus proceeding, relator contends the trial court lacked the jurisdiction to order D&J Alexander Management, LP to pay ad litem fees in the Guerra Case, to which D&J was not a party. We agree. However, this conclusion does not require that each of the five challenged orders be vacated in their entirety.

*Availability of Mandamus*

To establish its entitlement to mandamus relief, a relator must generally show both that the trial court clearly abused its discretion and that it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). However, where the trial court's order is void, the relator need not demonstrate the lack of an adequate remedy by appeal to be entitled to mandamus relief. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Mask*, 198 S.W.3d 231, 233-34 (Tex. App.—San Antonio 2006, orig. proceeding).

*Jurisdiction*

To issue a binding order or judgment against a party, a court must possess personal jurisdiction over that party in the proceeding in which the order or judgment is rendered. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Personal jurisdiction is invoked by a party's appearance before the court, or by the proper service of process upon the party. *See* TEX. R. CIV. P. 120, 124; *Exito Elecs. Co., Ltd. v. Trejo*, 166 S.W.3d 839, 852 (Tex. App.—Corpus Christi 2005, no pet.). "Without personal jurisdiction over a party, the trial court has no jurisdiction to enter a judgment against it." *In re Green Oaks Hosp. Subsidiary, LP*, 297 S.W.3d 452, 455 (Tex. App.—Dallas 2009, orig. proceeding). Where a trial court lacks jurisdiction to enter a particular order, the order is void. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985).

The real parties in interest acknowledge that D&J was not a named defendant in the Guerra Case at the time the orders for payment of ad litem fees were signed.[3] A trial court cannot render a binding order or judgment against an entity not named as a party in the suit. *See Mapco, Inc. v.*

---

[3] D&J was initially a named defendant in the Guerra Case, but was dropped as a defendant in a subsequent amended petition and has apparently been added again as named defendant since the initiation of this original proceeding.

*Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (reversing judgment against entity not properly before the court as a party).

The real parties in interest contend that the trial court had jurisdiction to issue the challenged orders because D&J entered a "general appearance" in the Guerra Case by attending the hearing and because D&J received notice of the March 27 hearing, as well as other notices. While a party's challenge to personal jurisdiction can be waived by voluntary appearance, the record does not support the real parties' contention that D&J had made a general appearance in the Guerra Case sufficient to subject it to the trial court's jurisdiction in that cause. *See, e.g., Hilburn v. Jennings*, 698 S.W.2d 99, 100 (Tex. 1985) (challenge to personal jurisdiction may be waived by voluntary appearance). A party enters a general appearance when it invokes the judgment of the court on a question other than jurisdiction, or seeks affirmative action from the court. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).

The mere physical presence in the courtroom of counsel who represents a non-party to the action being considered does not constitute a "general appearance" sufficient to invoke the court's jurisdiction. *See, e.g., Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291, 296-97 (Tex. App.—Fort Worth 2004, pet. dism'd). A non-party's receipt of courtesy hearing notices also does not constitute a "general appearance" for purposes of jurisdiction. The mere fact that D&J was a party in an entirely separate suit involving the same parties and pending in the same court, does not make it subject to the trial court's jurisdiction in the Guerra Case in which it was not a party.

Alternatively, the real parties assert that D&J is bound by the orders in the Guerra Case because its interests were "virtually represented" by counsel for the other defendants in that proceeding. Under the virtual representation doctrine, a litigant may be deemed to be a party if: (1) it will be bound by the judgment; (2) its privity of interest to a party appears from the record; and (3) there is an identity of interest between the litigant and a named party to the judgment. *See,*

*e.g., In re Lumbermen's Mut. Cas. Co.*, 184 S.W.3d 718, 722 (Tex. 2006) (orig. proceeding). The doctrine is typically invoked to allow a litigant to assert an interest on appeal from a judgment to which it is not a named party. *Id.* at 723; *see also Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110-11 (Tex. 1999) (entity who was not a named party in the trial court may pursue appeal to vindicate important rights). The doctrine does not apply here and does not provide a substitute for personal jurisdiction. In addition, the record does not support that the doctrine's requirements have been met with respect to the orders challenged in this proceeding.

The trial court lacked jurisdiction to enter orders obligating D&J to do anything in the Guerra Case at the time the challenged orders were entered. D&J was not a party to the Guerra Case in May 2014. Also, the record does not support a conclusion that D&J appeared through counsel at the hearing in March 2014, nor did D&J otherwise enter a general appearance in the Guerra Case. Consequently, the trial court had no personal jurisdiction over D&J in the Guerra Case and had no jurisdiction to enter an order obligating D&J to pay ad litem fees in the Guerra Case. *See Green Oaks Hosp.*, 297 S.W.3d at 456.

Because D&J was a party to the DeLeon Case at the time these orders were entered, the trial court did have jurisdiction to enter an order obligating D&J in the DeLeon Case. We cannot say that the order was void, and thus correctable by mandamus, because the order in the DeLeon Case was not entered in the absence of jurisdiction. We do not address the substantive validity of any order entered in the DeLeon Case in this mandamus proceeding. Nor do we address the merits of any challenge D&J has attempted to assert as to these orders in the alternative in this mandamus proceeding.

**CONCLUSION**

Based on the foregoing analysis, we conclude the trial court was without jurisdiction to enter orders obligating D&J Alexander Management, LP to pay ad litem fees in the Guerra Case. Accordingly, we conditionally grant the petition for writ of mandamus in part and direct the trial court to vacate in its entirety the May 30, 2014 order in the Guerra Case obligating D&J Alexander Management, LP to pay attorney ad litem fees of Julio A. Garcia Jr. in the amount of $35,250.00. The trial court is further directed to vacate the May 30, 2014 order obligating D&J Alexander Management, LP to pay the attorney ad litem fees of J. Francisco Tamez in the amount of $39,472.94 only to the extent that it is entered in the Guerra Case. Similarly, the trial court is directed to vacate the May 30, 2014 "Combined Order" only to the extent that it purports to obligate D&J Alexander Management, LP to pay the fees of Julio Garcia in the amount of $35,250.00, Francisco Tamez in the amount of $39,472.94, and Jose Salvador Tellez in the amount of $33,060.00 in the Guerra Case. The challenged orders are unaffected by this proceeding to the extent that the orders were entered in the DeLeon Case. Because the order authorizing payment of Jose Salvador Tellez's fees does not appear to obligate D&J Alexander Management, LP, it is also unaffected by this court's holdings in this opinion. The writ will issue only if the trial court fails to comply within ten days from the date of this court's order.

Luz Elena D. Chapa, Justice